## Mary E. Schayer *vs.* Commonwealth Loan Company.
## Same *vs.* Same.

Suffolk.   December 11, 1894. — March 6, 1895.

Present: Field, C. J., Allen, Holmes, Knowlton, & Barker, JJ.

*Replevin — Mortgage of Personal Property — Tender — Discharge of Lien —*
*Assault and Battery — Action.*

If an agent of the mortgagor of personal property goes to the mortgagee's place
of business for the purpose of paying to him the sum necessary to discharge
the debt under St. 1888, c. 388, having with him sufficient money for that pur-
pose, and being ready and willing to pay the same, and makes known his pur-
pose and his readiness and willingness so to pay to the mortgagee, and is
prevented from making an actual and formal tender of the proper sum only by
the mortgagee's refusal to accept it and his assertion that a larger amount is
due, and his withdrawal from further talk and from the immediate presence of
the agent for the purpose of preventing the making of the tender, the acts of
the agent are equivalent to a tender, and have the effect to discharge the lien
of the mortgage.

If acts of an agent of a mortgagor of personal property have the effect, under
St. 1888, c. 388, to discharge the lien of the mortgage, the mortgagor may main-
tain an action against the mortgagee for an assault and battery committed by
his servants in subsequently taking the property by force from the possession
of the mortgagor.

Two actions, the first being replevin of certain personal
property, which had been mortgaged by the plaintiff to the de-
fendant, who was Frank E. Chaffee, doing business under the
name of the Commonwealth Loan Company; and the second
being tort for an assault and battery alleged to have been com-
mitted upon the plaintiff by the servants of the defendant when
forcibly removing the property from the plaintiff's premises.
The cases were tried together in the Superior Court, before
·*Bond*, J.

The jury returned a verdict for the plaintiff in each case;
and the defendant alleged exceptions.   The facts appear in the
opinion.

*E. R. Anderson*, for the defendant.

*J. R. Murphy*, (*R. S. Hall* with him,) for the plaintiff.

Barker, J.   The debt due from the plaintiff to the defend-
ant Chaffee, who seems to have done business under the name of

the Commonwealth Loan Company, being a loan made since May 22, 1888, upon interest at a rate equivalent to eighty per cent a year, was by force of St. 1888, c. 388, " dischargeable by the debtor upon payment or tender of the principal sum actually borrowed and interest at the rate of eighteen per centum per annum, from the time said money was borrowed, together with a sum for the actual expenses of making the loan and securing the same, not exceeding ten dollars." The goods replevied by the plaintiff had been mortgaged by her to the defendant as security for the payment of her debt, and were in his possession after breach of condition, and the action of replevin cannot be sustained unless the lien of the mortgage given to secure the payment of her debt has been discharged under the operation of the statute. She has neither paid the debt nor made a complete and formal tender of the amount due; and the question for decision in the replevin suit is whether there was evidence upon which the jury might find that the plaintiff in attempting to pay her debt has done acts which are equivalent to a tender or payment, an actual tender or payment having been waived or prevented by the defendant. If the plaintiff thus stands in the position of a mortgagor who has tendered payment of the mortgage debt, the lien of the mortgage is discharged. *Weeks* v. *Baker*, 152 Mass. 20. See also *Patch* v. *Collins*, 158 Mass. 468; *Douglas* v. *Stetson*, 159 Mass. 428.

The evidence would have justified a finding that an agent of the plaintiff went to the defendant's place of business for the purpose of paying to him the sum necessary to discharge the debt under the statute, having with him sufficient money for that purpose, and being ready and willing to pay the same, and made known his purpose and his readiness and willingness so to pay to the defendant, and was prevented from making an actual and formal tender of the proper sum only by the defendant's refusal to accept it and his assertion that a larger amount was due, and his withdrawal from further talk and from the immediate presence of the agent for the purpose of preventing the making of the tender. This had the effect to discharge the lien of the mortgage, for the acts of the plaintiff's agent were in law equivalent to a tender. *Gilmore* v. *Holt*, 4 Pick. 258. *Breed* v. *Hurd*, 6 Pick. 356. *Southworth* v. *Smith*, 7 Cush. 391.

*Parker* v. *Perkins*, 8 Cush. 318.   *Hazard* v. *Loring*, 10 Cush. 267.   The maxim that the law does not compel one to do vain or useless things applies to the circumstances of the attempted payment, with the result that the plaintiff must be deemed to be in the same position as if payment had been made or if the required amount had been actually tendered.   Further illustrations of the principle are found in the cases where deeds would have been tendered but for the evasion of the other party as in *Borden* v. *Borden*, 5 Mass. 67, and *Tasker* v. *Bartlett*, 5 Cush. 359; and where goods are retained by a carrier to enforce the payment not only of freight, but of an additional unlawful charge, as in *Adams* v. *Clark*, 9 Cush. 215, and *Peebles* v. *Boston & Albany Railroad*, 112 Mass. 498, 509; or where concurrent acts are to be done by parties one of whom is willing and ready to perform, and has given notice to that effect, while the other has refused to perform or has put performance out of his power, as in *Cook* v. *Doggett*, 2 Allen, 439, *Linton* v. *Allen*, 154 Mass. 432, 439, and *Wheatland* v. *Silsbee*, 159 Mass. 177, 185.   This view of the law makes it unnecessary to consider in detail the rulings asked for the defendant in the replevin suit.   Whether, if the acts of the plaintiff's agent in attempting to pay her debt were equivalent to a tender, the plaintiff may have lost the benefit of the tender by failing to keep the defendant's money separate, or to pay it into court, is a question not raised.   We are of opinion that the question whether the plaintiff's lien had been discharged was for the jury upon the evidence, and we see no error in the instructions of the court upon this branch of the cases, nor in the refusal of rulings requested by the defendant.

After the attempt which has been considered to pay the plaintiff's debt, the defendant gave notice that he should take possession of the property covered by the mortgage for the purpose of foreclosing the equity of redemption, and also that he elected to become the absolute owner of the property, accepting it in satisfaction of the debt.   Thereafter he took it by force, committing acts which, if not justified by his rights in the property and under the mortgage, constituted an assault and battery, and which were the wrongs alleged in the action of tort.   It is not necessary to inquire whether all the rulings of the court upon this branch of the case were correct.   The finding of the jury,

that the defendant had no right under the mortgage at the time he took the property from the plaintiff's rooms by force, makes the defendant's requests for rulings as to his right to use force to take the property, and his exceptions to the instructions given upon that subject, immaterial.

*Exceptions in both cases overruled.*