MARY E. MURPHY, administratrix, *vs.* BOSTON AND MAINE
RAILROAD.

Essex.   November 5, 1913. — November 25, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DE COURCY, JJ.

*Practice, Civil,* Ordering verdict on plaintiff's opening.   *Negligence,* Railroad.
*Carrier,* Of passengers.   *Railroad.*`

Where a presiding judge upon the opening of the plaintiff's counsel ordered a ver-
dict for the defendant, and the  plaintiff alleged exceptions, the question pre-
sented is, whether taking .all the statements made by the counsel as true the
plaintiff was entitled to go to the jury.

If a person on a train of a railroad corporation is so intoxicated that he is unable
to tender his fare or a ticket that he has purchased, the servants of the railroad
corporation lawfully may remove him from the train at the next station, using,
if it is necessary, reasonable but not excessive force, and upon such removal he
ceases to be a passenger.

In an action against a railroad corporation for causing the death of the plaintiff's
intestate by the alleged negligence of the defendant's servants, after they law-
fully had removed the intestate from a train of the defendant, in placing the
intestate in an alleged dangerous place without proper care or regard for his
subsequent safety, if it appears that the servants of the defendant removed the
intestate from a train when he was in an intoxicated condition and placed him
in a railroad station, where, when last seen alive, he was in a position of security
from the danger of passing trains, and that the intestate's subsequent move-
ments were not observed by any one until his lifeless body was found on the
railroad track, these circumstances do not furnish sufficient ground for even a
conjecture of due care in the conduct of the intestate at the time of the accident
that caused his death, and the plaintiff must fail for want of affirmative proof
of due care, which, to create a liability for the death of a person who is not a
passenger, is required by St. 1906, c. 463, Part I, § 63, as amended by St. 1907,
c. 392.

It is no evidence of wanton and reckless conduct on the part of the servants of a
railroad corporation, that, after justifiably removing an intoxicated person from
a train, they left him at a place in a railroad station, where, if he had remained,
his personal safety would not have been endangered, without escorting him from
the premises to a public way or taking further measures for his protection.

TORT by the administratrix of the estate of Jeremiah J. Murphy,
late of Danvers, for causing the death of the plaintiff's intestate on
August 11, 1910, when he was alleged to have been received as a
passenger on a train of the defendant and to have been unlawfully
removed from such train by the servants of the defendant,

and, through the negligence of such servants as also by their wanton and reckless acts, to have been left by them in a dangerous place without proper care or regard for his subsequent safety, by reason of which he was run over and killed by another train of the defendant. Writ dated September 7, 1910.

The case came on for trial before *Pratt,* J., who upon the opening statement of the case by the plaintiff's counsel ruled that the opening did not show enough to warrant the submission of the case to the jury, and ordered a verdict for the defendant. The plaintiff alleged exceptions. The essential facts stated by the plaintiff's counsel appear in the opinion.

*W. B. Sullivan,* (*J. J. Gaffney* with him,) for the plaintiff.

*C. A. Wilson,* for the defendant, was not called upon.

BRALEY, J. The ruling that the plaintiff could not recover having been made on the opening of counsel, his statements are to be treated not only as if put in evidence but as being true. *Berry* v. *Newton & Boston Street Railway,* 209 Mass. 100.

It is alleged in each count of the declaration, that at the time of the intestate's death he was a passenger. If the jury could have so found, the further allegation of his due care was unnecessary, and could be treated as immaterial: St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392. *Merrill* v. *Eastern Railroad,* 139 Mass. 252.

But it appears that while in the car the intestate was so intoxicated as to be unable to tender his fare, or the ticket which the jury could find he had purchased. By reason of these conditions, even if he was unable to take suitable precautions to avoid physical injury, the defendant had the right to remove him from the train at the next station using, if necessary, reasonable but not excessive force. St. 1906, c. 463, Part I, §§ 53, 64. *Jackson* v. *Old Colony Street Railway,* 206 Mass. 477, and cases cited.

The intestate upon removal having ceased to be a passenger, some affirmative proof of his due care was required under the statute. St. 1906, c. 463, Part I, § 63. St. 1907, c. 392. *Hudson* v. *Lynn & Boston Railroad,* 178 Mass. 64, 66; *S. C.* 185 Mass. 510. When last seen alive he was in the station in a position of security from the danger of passing trains, and his subsequent movements until his lifeless body was found on the railroad track were not observed by any one, nor are there enough circumstances dis-

closed to furnish even a conjecture as to his conduct. *Corcoran* v. *Boston & Albany Railroad,* 133 Mass. 507. *French* v. *Sabin,* 202 Mass. 240. *Taylor* v. *Pierce Brothers,* 213 Mass. 247.

It is, however, further averred, that his death was caused by the "wanton and reckless acts and negligence of the defendant," and, if this was shown by the evidence, its liability follows. *Yancey* v. *Boston Elevated Railway,* 205 Mass. 162. *Menut* v. *Boston & Maine Railroad,* 207 Mass. 12, 18, 19. But there is no contention that the station to which the intestate was removed was not reasonably safe. The defendant's servants, while bound because of his obvious disability to leave him in a place within the station where if he had remained his personal safety would not have been endangered, were under no obligation to escort him from the premises to the public ways, or to take further measures for his protection. *Black* v. *New York, New Haven, & Hartford Railroad,* 193 Mass. 448. The plaintiff having failed to offer any evidence from which the jury would have been warranted in finding that the defendant's negligence was the proximate cause of death, the verdict should stand.

*Exceptions overruled.*