DEB DEPON *vs.* SCAYEA SHAWYE & another.

Suffolk.    October 19, November 7, 1927.— April 3, 1928.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Equity Jurisdiction,* Bill of review.    *Mortgage,* Of real estate: extension, discharge by tender of payment, redemption.    *Notice.    Tender.*

A mortgage deed conveys a title determinable on a condition subsequent; if the condition is performed, the estate of the mortgagee ends, and neither he, nor any one claiming under him with knowledge of the facts, can thereafter assert title successfully.

In a suit in equity, to remove a cloud upon the title to land of the plaintiff, against a mortgagee of the land and one who purchased the property at a foreclosure sale under the mortgage, it appeared that the mortgage was given October 15, 1921, payable in one year from that date; that before October 15, 1922, the mortgagee told the mortgagor not to worry about the balance due on the note but that he would give the mortgagor another year to pay it; that on October 15, 1923, the mortgagor, in the presence of the one who subsequently purchased at the foreclosure sale, made a tender to the mortgagee of the correct balance due on the mortgage, which was refused by the mortgagee; that, after a peaceable entry, the mortgagee commenced foreclosure proceedings on December 22, 1924; and that on January 22, 1925, the premises were sold at public auction to the purchaser in foreclosure proceedings regular in form. A final decree recited that the entry made to foreclose, the foreclosure sale, and the mortgagee's deed to the purchaser were null and void; and ordered appropriate relief for the plaintiff.    *Held,* on a bill in equity by the purchaser to review the decree, that

(1) The purchaser had notice of the facts which defeated the mortgagee's title;

(2) Although no new consideration for the oral extension of the mortgage appeared, the mortgagor relied upon the assurance of extension, and the extension was binding upon the mortgagor and mortgagee and upon those who had notice of it;

(3) When the mortgagor made the tender on October 15, 1923, the mortgagee's title came to an end, and the mortgagor regained perfect title against the mortgagee, who had no power to sell in January, 1925;

(4) The tender was sufficient, and the mortgagee could not continue his title in force by a wrongful refusal to accept it;

(5) Provisions of law, relating to the duties of one who seeks to assert rights of redemption after failure to perform the condition of a mortgage, had no application;

(6) Whether the purchaser's conduct was fraudulent was immaterial;

(7) The original decree was good in form and substance.

BILL IN EQUITY, filed in the Superior Court on December 28, 1926, to review the final decree entered in the Superior Court in a suit in equity by Shawye, an owner of real estate, against one Hamway, mortgagee of the real estate, and one Depon, who purchased it at a foreclosure sale under Hamway's mortgage.

The previous suit, filed on March 21, 1925, was referred to a master, who found that Hamway on October 15, 1921, conveyed the land to Shawye, who gave him as part of the purchase price a mortgage payable in one year from October 15, 1921; that on April 15, 1922, Shawye made a payment to Hamway on account of the mortgage; that in October, 1922, before the mortgage note became due, Hamway told Shawye not to worry about the balance due on the note but that he would give her (Shawye) another year to pay it. The master further found that on October 15, 1923, Shawye made to Hamway in the presence of Depon a tender of the correct sum due upon the mortgage, which was refused by Hamway; that foreclosure proceedings were commenced by Hamway on December 22, 1924; and that on January 22, 1925, the premises were sold at public auction to Depon, the foreclosure proceedings being regular in form. On recommittal to the master, he found that Hamway had made a peaceable entry to foreclose, and also found the state of the account between Depon and Shawye.

After interlocutory decrees confirming the master's reports, a final decree as set forth in the opinion was entered in the

original suit. The final decree also ordered Hamway to cancel the mortgage. Depon's appeal from such decree was dismissed by this court on October 18, 1926, for failure to enter it seasonably.

A demurrer by the defendant Shawye to the present bill, upon grounds stated in the opinion, was sustained by order of *Cox,* J. The plaintiff appealed.

*H. Wise,* for the plaintiff.

*M. Hurd,* (*R. M. Gardiner* with her,) for the defendant Shawye.

WAIT, J. The plaintiff brought this bill for review of a decree entered in the Superior Court upon a bill in equity filed by the defendant, Shawye, against him and one Hamway. That decree recited that Shawye was owner of certain premises in Brockton subject only to a mortgage held by the Peoples Savings Bank of Brockton; that a foreclosure sale of said premises, held January 22, 1925, by virtue of the power of sale contained in a mortgage dated October 15, 1921, from Shawye to Hamway was null and void; that mortgagee's deed from Hamway to Depon, dated January 22, 1925, was null and void; that a peaceable entry made on the premises for the purpose of foreclosure and the record thereof were null and void; that Shawye was entitled to redeem from the mortgage dated October 15, 1921, and on October 15, 1923, the due date, tendered the amount justly due; that it ordered Hamway to discharge and cancel that mortgage of record by a proper instrument of discharge. It further ordered execution to issue against the present plaintiff Depon, then the codefendant, in an amount recited to be the balance after deducting from rents received by him from the premises less his disbursements and the sum of $136, the balance due as principal and interest on said mortgage dated October 15, 1921; ordered Depon to surrender possession of the premises to Shawye, and to surrender, deliver up and cancel the mortgage deed, to sign, execute, acknowledge and deliver a discharge of that mortgage and to sign, execute, acknowledge and deliver a deed or other proper instrument to release all interest acquired by him by virtue of that deed. It decreed further that the mortgage and the mortgagee's

deed under the power of sale should no longer be liens upon the premises against Shawye or any one claiming under her, and that Hamway, Depon, and all persons claiming under either or both are debarred and enjoined perpetually from collecting upon either and from setting them up against the premises. It further ordered a trustee, who had been by stipulation appointed to receive and hold rents and profits pending an appeal, to pay over a fixed sum to Shawye, and it awarded costs in a fixed sum. This court, by rescript entered October 18, 1926, dismissed an appeal from the decree because the plaintiff failed to enter it seasonably.

The bill of review recited the earlier proceedings and alleged that error appeared on the face of the record because it nowhere showed that there had been any compliance by Shawye with G. L. c. 244, § 21, or that Shawye had paid into court the amount due on the mortgage or had obtained an injunction restraining the foreclosure sale in accord with G. L. c. 244, § 22, or that Depon had acted fraudulently. The defendant demurred. The Superior Court sustained the demurrer, and the plaintiff appealed. The grounds of demurrer were lack of equity, *res judicata*, multifariousness, that the matters set out were not subject to review, and that a bill of review will not lie where a final decree after rescript in form prescribed by the court has been entered after the Supreme Judicial Court has dismissed an appeal for want of seasonable prosecution.

The plaintiff's bill is bad because it discloses no error of law and because it shows no equity. The plaintiff purchased for value at a foreclosure sale, held January 22, 1925, which was perfect in its compliance with formal requisites for such a sale. The fatal defects were, that the mortgagee's title had come to an end on October 15, 1923; that he had no power to sell when he attempted to do so in January, 1925; and that the plaintiff had notice of these facts.

A mortgage deed conveys a title determinable on a condition subsequent. *Erskine* v. *Townsend*, 2 Mass. 493. If the condition is performed, the estate of the mortgagee ends. If it is not performed, then the estate continues but, by force of law, is for a time defeasible if certain things are

done by the mortgagor or whoever has the rights of the mortgagor. *Bayley* v. *Bayley,* 5 Gray, 505, 509. Here there was no defeasible title in the mortgagee to be redeemed by the mortgagor. When Shawye made a valid tender of what was due on the due date she performed the condition subsequent. Hamway's title ended then and there, and Shawye was back in full ownership with perfect title against Hamway. Neither Hamway nor any one claiming under him or by virtue of any power previously held by him with knowledge of the facts could thereafter assert title successfully. *Merrill* v. *Chase,* 3 Allen, 339. Even if it be assumed that, in consequence of our laws in regard to the recording of deeds, Hamway might convey a title although he did not have one, he could not do so to a purchaser with notice. It appears that Depon was present when tender was made on October 15, 1923. He had notice of the facts which defeated Hamway's title. The oral extension of the mortgage, agreed upon between the mortgagee, Hamway, and the mortgagor, Shawye, was binding upon them and upon those who had notice of it, in the circumstances here disclosed. *Stearns* v. *Hall,* 9 Cush. 31, 36. *Hastings* v. *Lovejoy,* 140 Mass. 261. *Conroy* v. *Toomay,* 234 Mass. 384. Although the mortgage deed was a sealed instrument, and no new consideration for the extension appears, the report shows that the action of the mortgagor was affected by the assurance of extension and that tender of payment on October 15, 1923, was made in reliance upon it. The due date of the mortgage had become October 15, 1923. The condition subsequent was satisfied. Jones on Mortgages (7th ed.) § 1191. *Van Syckel* v. *O'Hearn,* 5 Dick. 173. *Albert* v. *Grosvenor Investment Co. Ltd.* L. R. 3 Q. B. 123, 129. The mortgagee refused the tender then made; but, in law, since it was in fact made, was sufficient when made, and took place on the date fixed for performance of the condition, that tender had all the effect of payment in putting an end to the mortgagee's rights in the real estate. The mortgagee could not continue his title in force by a wrongful refusal to accept performance of the condition. See *Schayer* v. *Commonwealth Loan Co.* 163 Mass. 322. G. L. c. 232, § 12.

The sections of the General Laws on which the plaintiff relies, relate to the duties, in regard to tender and suit, of one who, having failed to perform the condition of a mortgage, is seeking to assert rights of redemption. They have no application to one who has performed the condition, and is free from any occasion for redemption. There is no occasion to consider the questions of tender which would be presented if this were a bill to redeem from an outstanding mortgage. The original bill sought the discharge of clouds upon the plaintiff's title which create a false appearance upon the records of a mortgage existing after October 15, 1923, of an entry to foreclose, and of a foreclosure by sale after that date. The defendant, who once had held a mortgage on the land and while it was outstanding was justified in clouding the plaintiff's title, lost all right to hold the land as security for any sum due him or longer to cloud the title when he refused what was presented for his taking on October 15, 1923. He did not, however, cut himself off from all right to recover what was due him. The plaintiff did all that justice required when in the prayers of her bill she recognized an obligation to make payment. The decree secured to the defendants payment of what was due, and the original plaintiff makes no complaint. Whether Depon's action was fraudulent is immaterial. He took whatever he got with notice of Shawye's rights. The final decree is good in form and in substance.

The Superior Court was right in sustaining the demurrer and the entry must be

*Order affirmed with costs.*