SARAH SANDLER & another *vs.* SAMUEL GREEN.

Suffolk. December 15, 1932. — September 10, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Mortgage*, Of real estate: foreclosure, redemption, waiver of breach. *Contract*, What constitutes. *Actionable Tort.*

A mortgagee of real estate, for breach of condition in nonpayment of taxes, took possession and advertised a sale under the power of sale in the mortgage. Previous to the day set for the sale, negotiations were entered into resulting in an agreement in substance that, if paid a certain sum, the mortgagee would release possession, the foreclosure sale would be "called off," the tenants would be notified, and the parties would be put back to the same position in which they were before possession was taken; and, pending consummation of the arrangement, the sale was postponed to a certain date. Previous to that date the mortgagee sought to require the mortgagor to pay a still larger sum and imposed further conditions, with which the mortgagor refused to comply. The mortgagee thereupon proceeded with the foreclosure, the mortgagor before the sale tendering to him the amount originally set by the parties to be paid. The mortgagee refused to accept the tender and purchased the property at the sale; and the mortgagor, who at no time sought to redeem by a suit in equity, thereafter brought against him an action of contract or tort to recover damages for a wrongful foreclosure of the mortgage. A verdict for the defendant was ordered. *Held*, that

(1) The unaccepted tender did not, of itself, cure the previous breach of the conditions of the mortgage nor at law extinguish or delay the right of the mortgagee to execute the power;

(2) The promise of the defendant to release possession and to "call off" the sale if he were paid a certain sum was an offer revocable until accepted by the making of the payment, and such offer was revoked before the tender by being modified in a manner unacceptable to the plaintiff;

(3) There was no binding agreement between the parties which precluded a sale under the power or rendered wrongful the sale actually made;

(4) The verdict rightly was ordered.

CONTRACT OR TORT. Writ dated May 18, 1928.

In the Superior Court, the action came on to be tried before *Pinanski*, J.

After the opening statement to the jury by the plaintiffs' counsel, the defendant moved that a verdict be ordered in

his favor, and the motion was allowed. The plaintiffs alleged exceptions.

No question of procedure was raised on the record or argued.

*M. Kabatznick,* (*A. M. Rudnick* with him,) for the plaintiffs.

*G. H. McDermott,* for the defendant.

FIELD, J. This is an action of contract or tort brought by the former owners of certain real estate against the former owner of a second mortgage thereon to recover damages for a wrongful foreclosure of said mortgage. On motion of the defendant a verdict was directed in his favor on the plaintiffs' opening statement to the jury, and the plaintiffs excepted.

The substance of the case for the plaintiffs as outlined in the opening statement was as follows: The plaintiffs were the owners of a certain parcel of land in Boston with the buildings thereon which was subject to a second mortgage to the defendant in the statutory form. G. L. (Ter. Ed.) c. 183, §§ 18–21, Appendix (5). There was a breach of the condition of this mortgage by nonpayment of taxes for 1927 and the defendant took possession of the premises on March 30, 1928, and thereafter collected the rents. One or two days after taking possession, the defendant, for the purpose of foreclosure, advertised the mortgaged premises for sale at public auction on April 25, 1928, under the power of sale in the mortgage. The sale was adjourned until April 27, 1928, at which time the premises were sold. Negotiations were carried on between the parties prior to April 24, 1928, in which, sometime after April 20, 1928, an agreement was reached between them that the amount "due at that time to clear any breach of the mortgage" — being the amount of the unpaid taxes, interest paid by the defendant on the first mortgage, and principal and interest due to the defendant on the second mortgage, less rents collected by the defendant — was $2,507.27. It was agreed that if this amount was paid on April 24, 1928 — the day before the advertised day for the sale — "possession would be released, the foreclosure sale

would be called off, the tenants would be notified, and the parties would be put back to the same position in which they were," and that "in view of the fact the parties had the money and were ready to take care of that matter, the sale should be postponed for two or three days until the money was paid over." On April 24, 1928, this amount in cash and checks was shown to the defendant's counsel, who said that it was correct, but told the plaintiffs to bring it in the next day when the defendant would be present. On the next day this amount was shown to the defendant who said that it was correct except that he-had discovered that another $106 was required, but that "he would take the word of the counsel for the plaintiffs" that such counsel would send a check for that amount to the defendant. The defendant said that everything was satisfactory and "counsel for the plaintiffs then asked that the letter be drawn notifying the tenants and a release of possession be prepared." The defendant refused to release possession unless the plaintiffs agreed to further conditions, to which they would not agree, asserting that the defendant had no right to impose such new conditions, and the defendant told the plaintiffs that he would foreclose unless the plaintiffs agreed thereto. On the day of the sale, April 27, 1928, before the sale, an attempt was made by the plaintiffs to tender $2,507.27 to the defendant, who declined to accept this amount and proceeded with the sale.

The verdict was directed rightly.

It is "the well recognized practice of this court in appropriate cases of permitting a ruling to be made on the footing that on the opening statement of counsel to the jury no case is shown in law." *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478, 482. There is nothing here to show that the opening statement made by counsel for the plaintiffs was not complete (see *First National Bank of Bridgeport* v. *Groves,* 269 Mass. 161, 165) and no contention is made that this was not an appropriate case for a ruling upon such opening statement. For the purposes of this case the statement is to be treated as being true. *Murphy* v. *Boston & Maine Railroad,* 216 Mass. 178.

An action at law will lie for the wrongful execution of a power of sale in a mortgage where there has been no breach of any condition of the mortgage. *Rogers* v. *Barnes,* 169 Mass. 179. *Wasserman* v. *McDonnell,* 190 Mass. 326, 329. But the plaintiffs' opening statement does not show a wrongful execution by the defendant of the power of sale. There was a breach of condition of the second mortgage which entitled the defendant to proceed with foreclosure by sale, unless he was precluded therefrom by the tender or by his agreement with the plaintiffs. *Stevens* v. *Cohen,* 170 Mass. 551. *Taylor* v. *Weingartner,* 223 Mass. 243, 247. Apart from the effect of the tender and the agreement no question is made of the validity of the sale.

The defendant does not contend that the tender was not a good tender, but, even so, the unaccepted tender, of itself, did not preclude a sale of the mortgaged premises under the power of sale in the mortgage, and the sale, therefore, was not wrongful because of such tender. Such a tender gave the plaintiffs no rights at law, but merely furnished them the foundation for an equitable remedy by suit for redemption under G. L. (Ter. Ed.) c. 244, § 21, of which they have not, on this record, availed themselves. Nor are the plaintiffs seeking here the equitable relief under G. L. (Ter. Ed.) c. 244, § 22, which may be had without tender. The provision in G. L. (Ter. Ed.) c. 244, § 21, that a "tender shall not prevent the foreclosure unless, within one year after the tender, the mortgagor or person claiming or holding under him commences suit for redemption," and pays the amount of the tender into court, preserves in equity the right of redemption, at least where no *bona fide* purchaser is involved, but, unless a suit for redemption is brought before the sale, does not prevent a sale subject to the right of redemption so preserved. The sale by the defendant was within the terms of the power. The unaccepted tender did not, of itself, cure the previous breach nor at law extinguish or delay the right of the mortgagee to execute the power. *Cranston* v. *Crane,* 97 Mass. 459, 465–466. The effect of a tender in the case of a mortgage of real estate is unlike that in the case of a mortgage of

personal property, such as was involved in *Schayer* v. *Commonwealth Loan Co.* 163 Mass. 322, cited by the plaintiffs. See G. L. (Ter. Ed.) c. 255, § 4.

Nor was there any binding agreement between the parties which precluded a sale under the power or rendered wrongful the sale actually made. The negotiations between the parties took place after the failure of the mortgagor to pay taxes in accordance with the condition in the mortgage and did not have the effect of extending the time for performance of the condition. The breach had already occurred. In this respect the case differs from *Depon* v. *Shawye*, 263 Mass. 206, and similar cases relied on by the plaintiffs. The case also is unlike *Rogers* v. *Barnes*, 169 Mass. 179, where there was no breach of condition. And on the facts stated there was no binding agreement whereby the existing breach was waived. We treat, in favor of the plaintiffs, the statement that the parties "agreed" that possession would be released, the sale "called off" and the parties "put back to the same position in which they were" if the amount agreed upon was paid as equivalent to a statement that they "agreed" that the breach of condition would be waived if such payment was made. But this statement, though expressed in terms of agreement, "contains no implication that legal consequences are or are not produced." Am. Law Inst. Restatement: Contracts, § 3, Comment (a). The defendant's promise was a revocable offer by him to waive the breach upon payment by the plaintiffs, which was later changed with respect to the amount to be paid and finally changed, without any payment having been made, by adding conditions with which the plaintiffs would not comply. Compare *American House Hotel Co.* v. *Hemenway*, 237 Mass. 180, 182–183. This offer did not contemplate acceptance by the plaintiffs' borrowing or otherwise raising money to make the payment (see *Barnett* v. *Rosen*, 235 Mass. 244, 247–248), or by a promise that such payment would be made, — and no such promise is shown — but contemplated, rather, acceptance by payment. There was, therefore, neither acceptance of the defendant's offer nor consideration for his promise.

*McCarthy* v. *Simon,* 247 Mass. 514. The tender unaccepted by the defendant before his offer was modified was neither acceptance by the plaintiffs of such offer (Williston, Contracts, § 60 [b]), nor consideration for the defendant's promise, even though payment of the agreed amount before the offer was modified would have bound the defendant. See *Clifton* v. *Litchfield,* 106 Mass. 34, 40. The tender unaccepted had only the effect given it by statute already considered.

It is unnecessary to consider, so far as matter of waiver of the breach of condition is concerned, whether the direction of a verdict could also be sustained on the ground that the declaration contains no allegation of waiver. See *Stevens* v. *Nichols,* 155 Mass. 472, 474; *Hey* v. *Prime,* 197 Mass. 474, 475; *Brasslavsky* v. *Boston Elevated Railway,* 250 Mass. 403, 404.

*Exceptions overruled.*