JEANETT FAREWELL *vs.* INTERSTATE BUSSES CORPORATION.

Berkshire.   September 17, 1940. — December 30, 1940.

Present: FIELD. C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Negligence,* Bus, Motor vehicle. *Proximate Cause. Practice, Civil,* Exceptions: what questions open; Opening statement to jury.

In determining whether an opening statement of the plaintiff's counsel to the jury sets out sufficient evidence to warrant a verdict in the plaintiff's favor, this court will not consider a regulation of the department of public works argued before it but not mentioned in the statement.

A finding of negligence of a motor bus operator which was a proximate cause of injury to a passenger would have been warranted on evidence that the bus had approached the crest of a hill on an icy road at a speed of fifty miles an hour and skidded when, after it got over the crest, the operator applied the brakes; that the operator then placed it in a position blocking two of three lanes of the highway, and that, in "one or two seconds only," a following automobile, which the operator had passed on his way up the hill, upon its operator losing control, collided with the bus.

Tort. Writ in the District Court of Central Berkshire dated April 8, 1938.

On removal to the Superior Court, the case was tried before *Burns*, J.

*L. S. Cain*, for the plaintiff.

*J. F. Noxon & M. L. Eisner*, for the defendant, submitted a brief.

Cox, J. A judge of the Superior Court, at the close of the opening statement to the jury in behalf of the plaintiff, allowed the defendant's motion for a directed verdict, and the plaintiff excepted. It was agreed that the plaintiff was a passenger for hire in the defendant's bus which was being driven for the defendant by a duly licensed operator. The jury took a view.

The substance of the case for the plaintiff, as outlined in the opening statement, which is to be treated as being true, *Sandler* v. *Green*, 287 Mass. 404, 406, was as follows: the bus in question left Pittsfield about quarter past one on an afternoon in February. The day was rather dark and dismal, and it was quite cold. Shortly after the bus left the terminal in Pittsfield it began to drizzle and rain. The roads were bare, or almost so, before the rain came, and the bus was proceeding at a speed of about fifty miles per hour. By the time it reached the foot of Lebanon Mountain the rain froze on the windshield to some extent, and on the road so that a condition of "rather severe slipperiness" existed. The bus continued up Lebanon Mountain at a speed of about fifty miles per hour, passing on its way "an old type of pleasure car" bearing Nova Scotia plates, and continued over the crest of the hill at the same speed. Having "gotten over the slope . . . the operator . . . applied his foot brake and immediately went into a skid which skid carried him straight down toward the curve a distance of approximately two hundred feet finally rounding out to the right and heading almost directly toward the tower which is on the left of the road . . . and over onto the center lane," it being a three lane highway, "so that . . . there was room to go by on the westerly lane, more room to go by on the westerly lane than on the easterly lane, headed out there

approximately in the middle of the road, and came to a stop." Thereupon some passenger said: "Let us get out of here," and the driver said: "No." The driver got out and, after "something between a minute and two minutes," got back in and proceeded to back the bus "directly back without turning it in either direction, so that the hind wheels went off the pavement on the east side and onto the shoulder and then came to another stop the bus still being out into the road partly on one lane and partly on the other." By this time the "old Nova Scotia car had reached the top of the hill coming over and saw this bus directly in its path, was unable to control it at all and slid right into the side of the bus." The plaintiff was injured by the collision. Before the defendant's motion was acted upon, the plaintiff's counsel was permitted to make an addition to the opening (see *Rosenblum* v. *Economy Grocery Stores Corp.* 300 Mass. 264), to the effect that it was a matter of one or two seconds only from the time the bus had come to its final stop until it was struck by the Nova Scotia automobile, which was visible at that time.

It was within the power of the judge, in the exercise of a sound discretion, to direct a verdict upon the opening statement. *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478, 482. *Meeney* v. *Doyle*, 276 Mass. 218, 221. *Mulvaney* v. *Worcester*, 293 Mass. 32, 33, and cases cited.

The plaintiff in this court contends that the conduct of the operator of the bus would appear to amount to a "technical" violation of an alleged regulation of the department of public works. The record, however, discloses no evidence and not even a suggestion of any such regulation, and we are not required to consider the effect of an assumed violation of it. *Cook* v. *Cole*, 273 Mass. 557, 564, and cases cited.

We are of opinion that negligence of the defendant's operator could have been found. The defendant owed the plaintiff the duty to exercise that high degree of care to which she was entitled as a passenger for hire. It was for the jury to say whether the operation of the bus in the circumstances described in the opening, which resulted in the bus coming to its first stop, was negligent, and we are of opinion that what

the operator did immediately thereafter cannot be said, as matter of law, to have removed the bus from a position of danger of collision with the approaching Nova Scotia automobile.

We are also of opinion that it could have been found that the case at bar falls within that class of cases where it has been held that the negligence of the first alleged wrongdoer is a contributing cause, and not a condition, of the injury sustained. The principle of law involved has been discussed in the following cases with abundant citations, *Milbury* v. *Turner Centre System*, 274 Mass. 358, *Morrison* v. *Medaglia*, 287 Mass. 46, and *Leveillee* v. *Wright*, 300 Mass. 382. The operator of the bus must have known that the Nova Scotia automobile was following for he had passed it on the other side of the mountain. It was stated in the opening that it was a matter of one or two seconds only from the time the bus had come to its final stop before it was struck by the Nova Scotia automobile which was visible at the time the bus came to that stop. It is true that the opening leaves it so that the approaching automobile could have passed on the eastbound lane around the bus. But we are of opinion that the jury could have found a causal connection either on the theory that the negligence of the operator of the bus remained a dangerous force until the act of the operator of the Nova Scotia automobile concurred and combined with it to cause injury, or on the theory that the operator of the bus ought reasonably to have foreseen that his negligence would be followed by the conduct of another resulting in injury. *Morrison* v. *Medaglia*, 287 Mass. 46, 49–50. See *Falk* v. *Finkelman*, 268 Mass. 524; *Milbury* v. *Turner Centre System*, 274 Mass. 358; *Mulvaney* v. *Worcester*, 293 Mass. 32.

*Exceptions sustained.*