No. 953 Southern Plymouth, ss.
BARNES, CHRISTIANSON, SAVERSE, SPADEA
 (Francis M. Hall, Elmer A. Egan)
v. ROBERTS (Richard J. Dunn, James F. Lawton)
 From the District Court of Brockton—McLeod, J.
 Argued Oct. 16, 1941—Opinion filed Nov. 7, 1941

ESTES, J. (Briggs, J. and Rollins, J.)—In these four actions of tort, tried together, and brought before this Appellate Division by a Consolidated Report, which is unnecessarily voluminous and cumbersome, the trial Court made written findings of facts in the Spadea case, which findings were justified on the evidence.

The findings (as amended) were as follows:

"This case involves a rear-end collision between the plaintiff's car which was being driven easterly on Center Street and the defendant's car which was stationary on the southerly side of the road and had been for four or five minutes waiting for some passengers to come down Guild Road, a side street leading northerly from Center Street near the scene of the collision. Center Street had been ploughed of snow and the roadbed was twenty-six and one-half feet from the snowbank on the northerly side to the snowbank on the southerly side of the road. The roadbed was clear and free from ice. The defendant's car was stopped close to the snowbank on the southerly side within twenty feet easterly of the intersection of Guild Road and Center Street. There was ample room to the left of the defendant's car for two automobiles to pass; the time was somewhere between 6:30 and 6:45 A. M. on Feb. 27, 1940. Center Street for all practical purposes runs nearly east and west. The plaintiff was proceeding easterly. The sun was low in the horizon. While proceeding along Center Street the

[ 51 ]

sun was somewhat blinding on the upgrades but not blinding on the downgrades. From Quincy Street some eight hundred feet to nine hundred feet westerly from the accident there was an unobstructed view to the place where the defendant's car had stopped. The roadway was clear except for two cars on the northerly side, about one hundred feet westerly from Guild Road. It was a bright and sunny morning, visibility was good. Quincy Street to the scene of the accident was substantially downgrade and the defendant's automobile was plainly visible from Quincy Street. At Douglas Road approximately two hundred eight feet westerly from the scene of the accident there was a slight upgrade, beginning at Douglas Road with an elevation of 111.7 feet at fifty feet intervals easterly to the scene of the accident the grade was as follows: 111.6 feet, 111.7 feet, 112.3 feet, 113. feet, 114.3 feet or a rise of 2.6 feet in three hundred feet. The plaintiff stated that he was blinded by the sun as he proceeded easterly upgrade from Douglas Avenue. He maintained the same speed, however, which was about 25 to 30 miles per hour and crashed into the rear end of the defendant's car. The passengers in the car of the plaintiff were in the exercise of due care.

"I find that the plaintiff was not in the exercise of due care. I find that the defendant was not negligent in allowing his car to remain stationary on the road while waiting for passengers; and that the accident was wholly due to the negligence of the plaintiff."

1. In the Spadea case, in which the written findings were made, the court found, on ample evidence, that the plaintiff was not in the exercise of due care. Such a finding was a question of fact, and cannot be reversed by the Appellate Court. This principle has been so repeatedly stated that citations are needless here. This finding precludes recovery by this plaintiff.

The Court further found that the defendant was not negligent. Unless we must say that the defendant's conduct was negligent as a matter of law, that finding must also stand. This question will be dealt with hereafter in this opinion.

2. In the cases of the three passengers in Spadea's vehicle the plaintiffs can recover, in spite of the negligence of Spadea, if it is held that the defendant was negligent. The trial court found that he was not. That finding, as indicated above, must stand unless it is found that, as a matter of law, the defendant was negligent.

We have considered all requests and have studied, and given consideration to, the arguments of the plaintiff concerning the action of the Court in disposing of them. If error of any kind was made, it was not harmful or reversible. The written findings, which we think applied to all the cases alike—they were tried together—cured such errors in so far as they may have been harmful or reversible. The Court made it quite clear that he considered as evidence the violation of the ordinances

[ 52 ]

and rules, but ruled that the question was one of fact, not of law. We think this was correct.

If the Court was unwary in disposing of the requests in which the word "warranted" appears, the findings and the allowance of the defendant's requests are sufficient to show that no harmful error was made. They do show conclusively that the Court properly instructed himself on the law involved in these cases.

We cannot distinguish between these cases and the cases of overtime or double parking. The defendant had a legal right to stop where he did to take on or discharge passengers. He stopped for the purpose of taking on a passenger, who, it happened, had not arrived. He then waited such time that he could be said to have parked. We think this made a condition similar to overtime parking, which cannot be said to require a finding of negligence as a matter of law. It is a question of fact. *Thibault* v. *Nicholas Zeo, Inc.*, 301 Mass. 478, and cases cited. The language of the court, at page 480 in the Thibault case, applies equally in these cases. The defendant was not a trespasser on the highway.

Cases cited by the plaintiff confirm these conclusions or are distinguishable. *Farwell* v. *Interstate Busses Corp.*, 307 Mass. 553.

No harmful error appearing, the report must be dismissed. So ordered.