MABEL E. HENTZ, administratrix, *vs.* PERCY L. TOPPIN.

Worcester.     December 5, 1947. — February 2, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & SPALDING, JJ.

*Easement.* *Way,* Private: obstruction. *Actionable Tort.* *Negligence,* Obstruction of right of way.

The owner of a building, whose agent negligently obstructed with a large piece of rolled or stacked canvas a door opening from the top of a stairway into an adjoining building, was liable in tort to one who was injured through falling over the canvas while attempting to open the door in the exercise of an easement to use the stairway as a means of access from the street to the adjoining building.

TORT, originally brought by Henry McIntyre and after his death prosecuted by the administratrix of his estate. Writ in the Superior Court dated December 16, 1941.

The action was tried before *Leary,* J.

*E. J. McCabe,* for the plaintiff.

*L. E. Stockwell, G. R. Stobbs, & S. B. Tilton,* for the defendant, submitted a brief.

LUMMUS, J. In this action of tort to recover for personal injuries sustained by Henry McIntyre, the plaintiff's intestate, the judge on the plaintiff's opening ordered a verdict for the defendant. The case comes here upon the plaintiff's exception to that action.

The facts stated in the plaintiff's opening may be summarized as follows. On April 17, 1941, the plaintiff's

intestate, a man of seventy-one years, lived as a tenant at 223 Main Street in Worcester. The defendant Toppin owned the next adjoining building. In that building was a stairway running up from Main Street that served both the Toppin building and the one in which the plaintiff's intestate lived. It was the only means of access to the latter building. "The people living in number 223, such as McIntyre, had an easement or what is commonly known as a right of way to use this stairway through the Toppin property to get to Main Street and to return therefrom."

The plaintiff's intestate was returning from Main Street to his room on the morning of April 17, 1941. He was hurt while trying to pass through a heavy iron door leading from the second floor of the Toppin building into the building in which he lived. The defendant Toppin had a man named LeBoeuf working for him under his direction on the stairway and landing at the second floor. LeBoeuf had left the job temporarily for some reason, and had left a stepladder in such a way that it interfered with the opening of the iron door. He had also left a large piece of canvas, nine by twelve feet in size, rolled or stacked up against the door, negligently obstructing the right of way, with the result that when the plaintiff's intestate tried to open the door he fell over the canvas and was hurt.

From the facts stated in the opening, it could be found that LeBoeuf was a servant of the defendant Toppin. *McDermott's Case,* 283 Mass. 74. Consequently we must consider the conduct that caused the injury to the plaintiff's intestate as though it were the conduct of the defendant Toppin himself. The opening declares that that conduct was negligent.

Counsel have referred us to no case, and we have found none, that on its facts is comparable to the case at bar. We must therefore deal with this case as one of first impression.

The plaintiff's intestate was not a mere licensee, but was in the exercise of a property right. Cases of injuries to licensees, including police officers entering property under a license implied in law, are not in point. *Wynn* v. *Sullivan,*

294 Mass. 562. *Carroll* v. *Hemenway*, 315 Mass. 45. Doubtless the defendant had a right to repair the stairway and landing. But the nature of the easement was such that the right of way had to be used every day, and the defendant's right to repair had to be exercised in subordination to that right of way. Any obstruction of the right of way was an actionable wrong. *Foley* v. *Wyeth*, 2 Allen, 135. We think that personal injuries resulting from a negligent obstruction of a right of way may be remedied by action, as well as injuries caused by the deprivation of the use of the way. See *Barber* v. *C. W. H. Moulton Ladder Co.* 231 Mass. 507; *Clark* v. *Huntington*, 74 Ind. App. 437, 445.

In our opinion there was error in directing a verdict for the defendant. The entry must be

*Exceptions sustained.*