WALTER DOUGLAS *vs.* STUART B. WHITTAKER.

Suffolk.    March 9, 1949. — June 9, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Negligence*, Motor vehicle. *Proximate Cause.* *Practice, Civil*, Opening to jury, Ordering verdict.

Statement by RONAN, J., as to the nature of an opening to the jury by the plaintiff's counsel, and as to ordering a verdict for the defendant upon the opening.

Evidence, that, while a pedestrian was standing on a public way observing a fire, the operator of an automobile, without any necessity from traffic conditions or otherwise and without any warning to the pedestrian, stopped the automobile so close behind him that, when he "made an involuntary movement to turn around," he "fell over" the automobile and injured himself, and that the operator admitted to the pedestrian fault in failing to give any signal, would have warranted findings that the operator was negligent and that such negligence was a proximate cause of the pedestrian's injuries.

TORT. Writ in the Superior Court dated July 23, 1946. The action was tried before *Burns*, J.

*S. Stern*, for the plaintiff.

*A. E. LoPresti*, for the defendant.

RONAN, J. The plaintiff brought this action of tort to recover for personal injuries alleged to have been sustained when he came in contact with the defendant's automobile. The plaintiff excepted to the granting of a motion for a di-

rected verdict for the defendant after the opening statement of the plaintiff's counsel.

The purpose of an opening statement is to introduce to the judge and jury the particular action which is about to be tried and to acquaint them with the specific case which has been previously described to them in a formal manner by a reading of the declaration. The opening is a sort of preface as to what the judge and jury are about to hear in the proof of the case. An opening may outline a case in a complete and comprehensive manner, embracing a multitude of details many of which are of little importance, or the opening may be brief, consisting of a few factual conclusions touching the essential issues. The extent that the evidence to be adduced in support of the action will be disclosed depends on which of these two types of opening is employed. Whether the opening shall be brief and to the point or lengthy with a minute recital of the proposed evidence depends upon the judgment of counsel. Before any ruling is made upon a motion for a directed verdict upon an opening, the judge must make certain that counsel has had a full opportunity to state fairly and in the main the evidence he relies upon to prove his case. For the purpose of ruling on the motion that evidence must be considered as true and also as if it had been introduced and had comprised all the evidence. The motion should be denied if the statements of counsel, treated as facts, together with all rational inferences of which those facts are susceptible, can, upon any reasonable view of those facts and inferences, be deemed sufficient to support the plaintiff's cause of action. On the other hand, if the opening plainly fails to show a cause of action the motion for a directed verdict may be granted. The plaintiff in such a case has no just cause of complaint. The time of the court should not be wasted in hearing a lost cause and the public should not be put to unnecessary expense arising from the trial of a case already shown to be lacking in merit. The opening is to be examined with care and the power to dispose of the case on the opening must be exercised cautiously. It should not be exercised until it is ap-

parent that the plaintiff cannot supply the evidence necessary to establish his case. Cases should be decided upon sworn evidence rather than upon an anticipatory statement of counsel which might bear little resemblance to the available evidence. In instances involving close questions, the safer course is to hear the evidence. The general principles governing the appropriate application of this procedure have been stated in our decisions with sufficient amplitude and clarity to make unnecessary further discussion. [1]

In the instant case, an opening which would disclose that the plaintiff intended to introduce evidence which would show negligence upon the part of the defendant and resulting damage to the plaintiff would be sufficient, unless something in the opening, if introduced in evidence, would establish, as matter of law, contributory negligence of the plaintiff. No such thing appears in the opening in question. Neither is there any contention that the opening did not show that the damage resulted from the contact with the defendant's automobile. The only question then that could possibly arise is whether, assuming the facts stated to be true, there is enough to make the defendant's negligence a question of fact. *Duff* v. *Webster*, 315 Mass. 102, 103. *Kelly* v. *Railway Express Agency, Inc.* 315 Mass. 301, 302. *Mazzaferro* v. *Dupuis*, 321 Mass. 718, 719.

---

[1] *Stevens* v. *Nichols*, 155 Mass. 472, 474. *Hey* v. *Prime*, 197 Mass. 474, 475. *Berry* v. *Newton & Boston Street Railway*, 209 Mass. 100. *Lee* v. *Blodget*, 214 Mass. 374, 377. *Murphy* v. *Boston & Maine Railroad*, 216 Mass. 178. *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478, 482. *Energy Electric Co., petitioner*, 262 Mass. 534, 538. *Salem* v. *Batchelder*, 267 Mass. 381. *First National Bank* v. *Groves*, 269 Mass. 161, 165. *Kolas* v. *LaRochelle*, 270 Mass. 49, 53. *Meeney* v. *Doyle*, 276 Mass. 218, 221. *Gray* v. *Boston*, 277 Mass. 166, 167. *Williams* v. *Whitinsville Savings Bank*, 283 Mass. 297, 300. *Massachusetts Hospital Life Ins. Co.* v. *Nesson*, 286 Mass. 216, 218. *Poorvu* v. *Weisberg*, 286 Mass. 526. *Sandler* v. *Green*, 287 Mass. 404, 406. *Mulvaney* v. *Worcester*, 293 Mass. 32, 33. *Cahalane* v. *Dennery*, 298 Mass. 34, 35. *Sluskonis* v. *Boston & Maine Railroad*, 299 Mass. 413. *Rosenblum* v. *Economy Grocery Stores Corp.* 300 Mass. 264. *Deltufo* v. *Morganelli*, 302 Mass. 604. *Schleifer* v. *Worcester North Savings Institution*, 306 Mass. 226. *Farewell* v. *Interstate Busses Corp.* 307 Mass. 553. *Lawless* v. *Trustees of New York, New Haven & Hartford Railroad*, 310 Mass. 211. *Shapiro* v. *Segal*, 316 Mass. 556. *Waugh* v. *Great Atlantic & Pacific Tea Co.* 317 Mass. 230. *Grace* v. *Jordan Marsh Co.* 317 Mass. 632. *Passler* v. *Mowbray*, 318 Mass. 231. *Carbone* v. *Trustees of New York, New Haven & Hartford Railroad*, 320 Mass. 710. *Allen* v. *National Peanut Corp.* 321 Mass. 665. *Hentz* v. *Toppin*, 322 Mass. 333. *Chalfen* v. *Kraft, ante*, 1.

The case as outlined in the opening appears to be one where the plaintiff, a ship's carpenter, was standing upon a public way observing a fire when the defendant approached in his automobile and stopped it without giving any warning of its presence to the plaintiff and so close to him that, when he "made an involuntary movement to turn around," he "fell over" the automobile and injured himself. [1] It further appeared in the opening that the defendant told the plaintiff that the defendant did not give any signal because he thought it would scare the plaintiff and that the defendant was at fault in failing to give any signal.

The plaintiff and the defendant had equal and reciprocal rights upon the public way and each owed to the other the duty to exercise due care in the use of the way. The right of the defendant to have his automobile where it was at the time of the accident was subject to the limitation that the right be exercised with proper regard to the rights and safety of other travellers. The defendant could not totally ignore the presence of the plaintiff in the street, especially where it appeared that the defendant as he approached and stopped his vehicle knew that the plaintiff's attention was directed to the fire. *Dube* v. *Keogh Storage Co.* 236 Mass. 488. *Ferrairs* v. *Hewes,* 301 Mass. 116. As far as the opening goes the defendant chose to stop so closely behind the plaintiff that when the latter turned around he came in contact with some part of the automobile. There was no necessity for the defendant to stop at that particular place and the defendant's admission that he was at fault in stopping where he did, while persuasive but not conclusive evidence of his negligence, *Nelson's Express & Warehouse Co. Inc.* v. *Alexander Grant & Son, Inc.* 320 Mass. 317, 318, negatives an inference that he brought the vehicle to a stop where he did by reason of traffic or other conditions. The defendant knew or should have known that the plaintiff would sometime change his position in the way and that

---

[1] Statements in the opening were that the plaintiff "fell over the car" of the defendant "and cut his leg . . . had a cut on his leg, his left leg . . . . It was a skinned shin." — REPORTER.

if he endeavored to step backward or turn around he would come in contact with the automobile. The fact that the plaintiff when injured was making "an involuntary movement to turn around" would not necessarily bar recovery because the nature of the act which caused such "an involuntary movement," *Towle* v. *Morin,* 295 Mass. 583, 585; *Wright* v. *Carlson,* 312 Mass. 584, 589, as described in the opening, might be found to be an innocent cause, or an intervening or a concurrent cause which would not prevent a jury from finding that, if the defendant was negligent, such negligence was the proximate cause of the plaintiff's injury. *Morrison* v. *Medaglia,* 287 Mass. 46. *Farewell* v. *Interstate Busses Corp.* 307 Mass. 553.

This brings us to the question whether the defendant's conduct, as described in the opening, could be found to be negligent. One who places an obstacle in the path of another who is rightfully upon that path may be liable for injuries caused by tripping over the obstacle. Suppose another traveller came along the public way, stopped to watch the fire, and while standing there put a bundle on the ground behind and so close to the plaintiff that the latter as he turned around fell over it. Could it be ruled that this traveller was not negligent? In the case at bar, the statement that the plaintiff fell over the automobile, when considered with the fact that the plaintiff was complaining of an injury to his shin, may properly be construed to mean that he fell over some part of the automobile which projected a distance above the ground sufficiently high to come in contact with a man's shin. We think a jury could find that the defendant was negligent. *Morris* v. *Whipple,* 183 Mass. 27. *Smith* v. *Edison Electric Illuminating Co.* 198 Mass. 330. *McGrath* v. *American Express Co.* 219 Mass. 314. *Tenney* v. *Reed,* 262 Mass. 335. *Bennett* v. *Cohen,* 310 Mass. 714. *Chase* v. *Marchant,* 315 Mass. 684. *Oliphant* v. *Interborough Rapid Transit Co.* 262 N. Y. 460. *Gulliver* v. *Blauvelt,* 14 App. Div. (N. Y.) 523.

*Exceptions sustained.*