MARY G. GRIFFIN *vs.* FIRST NATIONAL STORES, INC. February 1, 1968. In this action of tort for personal injuries by a customer in the defendant's supermarket, a verdict was directed for the defendant on the plaintiff's opening. The plaintiff excepted. The store was a typical supermarket operation wherein individual customers selected merchandise from shelves and placed it in a metal carriage to be pushed to one of four checkout counters in the front of the store. Manila paper bags of various sizes for bundling were on shelves in recessed open areas under the front ends of the counters facing the main entrance. On August 2, 1960, the plaintiff carried her purchases to a checkout counter. After waiting for her purchases to be checked and bundled, she found her egress blocked by carriages which had been left by previous customers in the front store area. She moved sidewise around the counter front, went forward, and tripped over a sheaf of paper bags which protruded "some

three inches" from a lower shelf in a bundle compartment. Most facts in the opening are from an auditor's report, which by agreement was considered part of the opening. The facts are somewhat obscure, but enough appears to make the defendant's negligence a question of fact. See *Douglas* v. *Whittaker*, 324 Mass. 398, 399–400. The route by which the plaintiff was invited to leave was blocked by carriages left by previous customers. It could have been found that she took a reasonable route to leave, and that in squeezing around the counter she came in contact with, and was tripped by, the bags, which protruded far enough and were low enough to cause her to fall. We are of opinion that a verdict should not have been directed on the opening. *Douglas* v. *Whittaker, supra.*

*Exceptions sustained.*

*John J. McDonough* for the plaintiff.
*Thomas D. O'Brien* for the defendant.