van Gestel, J.
This matter is before the Court on a motion by the defendant for a directed verdict after the plaintiffs’ opening statement.
Generally, motions for directed verdicts in jury trials are governed by Mass.R.Civ.P. Rule 50(a). In that Rule there are two occasions when a party may ask for a directed verdict: (1) “at the close of the evidence offered by an opponent” and (2) “at the close of all the evidence.” However, even though Rule 50 does not provide for a motion for directed verdict after the opening statement and before any evidence is pre *133 sented, Massachusetts courts retain the traditional power to direct a verdict at that time. See, e.g., Sereni v. Star Sportswear Manufacturing Corp., 24 Mass.App.Ct. 428, 430 n.5 (1987).
Perhaps the best statement of the law regarding directed verdicts after a plaintiffs opening statement appears in Douglas v. Whittaker, 324 Mass. 398 (1949). There Justice Ronan wrote, at pp. 399-400:
The purpose of an opening statement is to introduce to the judge and jury the particular action which is about to be tried and to acquaint them with the specific case . . . The opening is a sort of preface as to what the judge and jury are about to hear in the proof of the case. An opening may outline a case in a complete and comprehensive manner, embracing a multitude of details many of which are of little importance, or the opening may be brief, consisting of a few factual conclusions touching the essential issues. The extent that the evidence to be adduced in support of the action will be disclosed depends on which of these two types of opening is employed. Whether the opening shall be brief and to the point or lengthy with a minute recital of the proposed evidence depends upon the judgment of counsel. Before any ruling is made upon a motion for a directed verdict upon an opening, the judge must make certain that counsel has had a full opportunity to state fairly and in the main the evidence he relies upon to prove his case. For the purpose of ruling on the motion that evidence must be considered as true and also as if it had been introduced and had comprised all the evidence. The motion should be denied if the statements of counsel, treated as facts, together with all rational inferences of which those facts are susceptible, can, upon any reasonable view of those facts and inferences, be deemed sufficient to support the plaintiffs cause of action. On the other hand, if the opening plainly fails to show a cause of action the motion for a directed verdict may be granted. The plaintiff in such a case has no just cause of complaint. The time of the court should not be wasted in hearing a lost cause and the public should not be put to unnecessary expense arising from the trial of a case already shown to be lacking in merit. The opening is to be examined with care and the power to dispose of the case on the opening must be exercised cautiously. It should not be exercised until it is apparent that the plaintiff cannot supply the evidence necessary to establish his case. Cases should be decided upon sworn evidence rather than upon an anticipatory statement of counsel which might bear little resemblance to the available evidence. In instances involving close questions, the safer course is to hear the evidence. The general principles governing the appropriate application of this procedure have been stated in our decisions with sufficient amplitude and clarity to make unnecessary further discussion.
Justice Ronaris cautions to the effect that “cases should be decided upon sworn evidence rather than upon an anticipatory statement of counsel which might bear little resemblance to the available evidence” deserves careful attention. So does his direction that “in instances involving close questions, the safer course is to hear the evidence.” These comments are wholly consistent with the Supreme Judicial Court’s frequent admonition to trial judges that the better course is often to let the case go to the jury and then, if the verdict seems off base, make adjustments or corrections by entering a judgment notwithstanding the verdict on an appropriate motion. See, e.g., Smith v. Ariens Co., 375 Mass. 620, 627 (1978).
All of the foregoing, however, pays scant attention to the immense costs to the court and the parties in time and money when hearing a matter that has apparent shaky underpinnings. This is a subject of particular sensitivity to this Court at this time. The funding by the Legislature of the trial courts in Massachusetts is currently such that in this civil session, the parties themselves must engage and pay the court reporter, and jury trials must run from 9:00 a.m. to 4:00 p.m. to conserve the amounts that have to be paid to jurors after the statutory three-day obligation of their employers ends. The tensions on the Court are substantial when faced with what seems in significant part a case with tenuous legal and factual support, and with what is projected by counsel to consume two to three weeks to tiy.
This Court, nevertheless, comes to the conclusion that only when the opening statement reveals affirmatively that there is no legal basis for any of the claims should a verdict be directed at that time. When, as here, an acceptance of the statements made, combined with the inferences favorable to the plaintiffs that must be drawn, leaves a possibility that some sufficient evidence exists, it seems imprudent and perhaps unfair to the plaintiffs to prevent them from presenting that evidence, however expensive to society in time and money that may be. At the same time, this ruling should not be taken as any signal that this Court will not seriously consider a similar motion at the end of the plaintiffs’ presentation of evidence.
ORDER
For the foregoing reasons, the defendant’s motion for a directed verdict after the plaintiffs’ opening statement is DENIED, without any prejudice whatever to its being refiled at the close of the plaintiffs’ evidence.