Wright, J.
This is an action in tort against a civic center, the sponsor of a music concert held at the center, and the owner of the company which provided the concert security for their alleged negligence in failing to preserve a potential cause of action for the plaintiff against an assailant who attacked the plaintiff at the concert The trial judge allowed the combined motion of all three defendants for a required finding in their favor at the conclusion of the plaintiffs opening statement[2] The plaintiff thereafter filed this Dist/Mun. Cts. RAD.A, Rule 8A expedited appeal.
Viewing the proposed evidence in the light most favorable to the plaintiff Singarella v. Boston, 342 Mass. 385, 386 (1961), it appears that on March 28, 1997, plaintiff Jamison T. Greene attended a music concert sponsored by defendant American Radio Systems Corp. (“American Radio”) and held at the defendant George R Wallace, Jr. Civic Center (“Civic Center”). The Civic Center contracted with defendant Jeffrey Freedman, the owner of Wizard Security (“Wizard”), to provide security at the concert The plaintiff sustained serious injuries when assaulted and battered by another concertgoer. After the plaintiff was taken by ambulance to the hospital, his friend sought out security personnel and provided a description of the assailant Wizard security located and briefly detained an individual in the Civic Center who matched the description given by the plaintiffs friend. The individual was thereafter released by security. The police were not contacted, and no identification or other information was taken from the alleged assailant His identity remains unknown.
It was assumed, for purposes of the defendants’ motion, that the individual released by Wizard was, in fact the plaintiffs assailant It was further clarified in the plaintiffs opening statement that his complaint did not include any claim against the defendants for inadequate security or for a negligent Mure to protect the plaintiff which resulted in the plaintiff’s physical injuries. The sole basis of the *60 plaintiffs tort action was the defendants’ alleged negligence in Ming to preserve tiie plaintiffs potential cause of action for civil damages by either detaining the assailant or obtaining his identification.
1. There was no error in the trial judge’s allowance of the defendants’ motion for a required finding because the evidence outlined in the plaintiff’s opening statement, accepted as true for purposes of the motion, would have been legally insufficient to permit a finding in the plaintiffs favor. Longo v. McLaughlin, 1 Mass. App. Ct. 863 (1973). “Where a plaintiffs opening statement plainly Ms to show the existence of a viable cause of action, the trial judge may properly direct a verdict for tiie defendant” Wornat Develop. Corp. v. Vakalis, 403 Mass. 340, 348 (1988). See also Hubert v. Melrose-Wakefield Hosp. Ass’n., 40 Mass. App. Ct. 172, 176 (1996).
2. To establish an actionable claim for negligence, the plaintiff bore the burden of demonstrating a duty owed by the defendants to the plaintiffs, an act or omission by the defendants in violation of that duty, and a causal relationship between such breach of duty and the injury or harm suffered by the plaintiff. See generally, Bennett v. Eagle Brook Country Store, Inc., 408 Mass. 355, 358 (1990); Dinsky v. Framingham, 386 Mass. 801, 804 (1982). It is elementary that there can be no liability in negligence in the absence of a legal duty to the plaintiff. O’Sullivan v. Shaw, 431 Mass. 201, 203 (2000); McNulty v. McDowell, 415 Mass. 369, 371 (1993).
The plaintiff failed to offer any statutory or common law authority, in Massachusetts or elsewhere, for the existence of any duty owed to the plaintiff in the circumstances of this case to take any action to preserve his potential cause of action against a tortfeasor. Nor did the plaintiff refer to any “existing social values and customs and appropriate social policy” which would have dictated the recognition of such a duty by tiie trial judge as a matter of law. O’Sullivan v. Shaw, supra, at 203, citing Davis v. Westwood Group, 420 Mass. 739, 743 (1995). Finally, the plaintiff Med to identify any language in the security contract between the Civic Center and Wizard which could even he remotely construed as recognizing or imposing the duty the plaintiff endeavors to create.[3]
The plaintiff in fact concedes the absence of any legal authority for a duty of care owed by a security guard to preserve a particular individual’s potential civil action for damages against an assailant He mistakenly argues that under such circumstances, any issue of the defendants’ duty became one for a jury.[4] The short answer to the plaintiff’s erroneous contention is that the existence of a legal duty is purely a question of law to be decided by the trial judge. Wallace v. Wilson, 411 Mass. 8, 12 (1991); Vaughan v. Eastern Edison Co., 48 Mass. App. Ct. 225, 226 (1999). The absence of legal authority to support tiie plaintiffs position on that issue of law did not convert the issue to one of fact for a jury.
The allowance of the defendants’ motion for a required finding in their favor is affirmed.
So ordered.

 The case was originally scheduled for a jury trial. After a pretrial conference, during which the nature of the plaintiffs claim was discussed, it was agreed that a jury trial would be waived for the limited purpose of hearing the plaintiff’s opening statement and the defendants’ required finding motion.

 It should be noted that the written documents clearly establish that American Radio had no obligation of any kind with respect to concert security.

 The single case cited in the plaintiffs brief Mullins v. Pine Manor College, 389 Mass. 47 (1983), is inapposite. There was no question in Mullins that the defendant college had a special legal duty to protect its students, and that its failure to provide adequate security was the proximate cause of the rape suffered by the plaintiff.