Coven, J.
This is an action in negligence to recover for personal injuries allegedly sustained by the plaintiff when the bicycle he was riding was str.uck by the defendant’s motor vehicle. Immediately prior to commencing trial, the judge granted the defendant’s motion in limine to exclude the plaintiff’s medical records because of a lack of medical evidence establishing a causal connection between certain diagnostic tests and injuries actually related to the parties’ collision. Upon allowing the motion and after asking the plaintiff if there would be any other evidence demonstrating a causal link, the judge declared that he would treat the hearing on the motion in limine as an opening statement. He then entered a directed verdict for the defendant on the ground that the plaintiff could not sustain *22 his burden of proof that the injuries of which he complained were caused by the collision. The judge further indicated that in the absence of medical evidence of causation, the plaintiff could not satisfy the $2,000.00 threshold for recovery for pain and suffering required by G.L.c. 231, §6D. This Dist./Mun. Cts. R. A. D. A, Rule 8C, appeal followed.[1]
The plaintiff alleged that while riding his bicycle, he was “cut-off’ by the defendant as the defendant proceeded through an intersection, and a collision between the bicycle and the defendant’s automobile occurred. According to the plaintiff, the impact of the collision knocked him from his bicycle and threw his body against the left front fender of the defendanf s vehicle.
Two days after the accident, the plaintiff sought treatment at a hospital emergency room. He complained of abrasions and swelling of his right knee and elbow and tingling in his arms. The emergency room notes indicate that the plaintiff had suffered a ruptured disc in 1980 and “[a]t baseline, has pain in neck with occasional numbness down right or left arm to 4th and 5th fingers.” The notes also reflect, however, that the plaintiff informed the examining physician that after the collision, the numbness extended to all five fingers and was greater than any numbness he had ever before experienced.
The plaintiff received both emergency room and follow-up treatment for his injuries. Included in the post-emergency room care expenses is a medical charge for an MRI examination. The MRI was ordered to verify or rule out an exacerbation of the plaintiff’s prior spine injury as the cause of his increased numbness. The charge for the MRI represented $2,252.00 of the $3,894.00 total medical expenses incurred for the plaintiff’s treatment.
Immediately prior to the start of trial, the defendant brought to the trial judge’s attention a motion in limine in which she sought to exclude the plaintiff’s medical records. The records were being offered under G.L.c. 231, §79G, as evidence of necessary and reasonable expenses for diagnosis and treatment of claimed injuries arising out of the collision, and under G.L.c. 231, §6D to establish the statutory $2,000.00 medical expense prerequisite to recovery for pain and suffering. The defendant sought to exclude the plaintiffs medical records on the ground that there was no medical evidence establishing that the injuries complained of were causally related to the collision.[2] Argument during the motion hearing also focused on whether, in the absence of medical evidence of a causal relationship, the medical bills could be relied upon to satisfy the tort threshold.[3]
1. We first address the procedural anomaly inherent in the direction of a verdict for the defendant herein. It is established that a judge has the authority to direct a verdict against a party with the burden of proof after an opening statement if the evidence outlined in the opening is insufficient, as a matter of law, to sustain a verdict for that party. The most comprehensive statement of the authority appears in Douglas v. Whittaker, 324 Mass. 398 (1949). The Court stated:
*23 The purpose of an opening statement is to introduce to the judge and jury the particular action which is about to be tried and to acquaint them with the specific case.... The opening is a sort of preface as to what the judge and jury are about to hear in the proof of the case. An opening may outline a case in a complete and comprehensive manner, embracing a multitude of details many of which are of little importance, or the opening may be brief, consisting of a few factual conclusions touching the essential issues. The extent that the evidence to be adduced in support of the action will be disclosed depends on which of these two types of opening is employed. Whether the opening shall be brief and to the point or lengthy with a minute recital of the proposed evidence depends upon the judgment of counsel. Before any ruling is made upon a motion for a directed verdict upon an opening, the judge must make certain that counsel has had a full opportunity to state fairly and in the main the evidence he relies upon to prove his case. For the purpose of ruling on the motion that evidence must be considered as true and also as if it had been introduced and had comprised all the evidence. The motion should be denied if the statements of counsel, treated as facts, together with all rational inferences of which those facts are susceptible, can, upon any reasonable view of those facts and inferences, be deemed sufficient to support the plaintiffs cause of action. On the other hand, if the opening plainly fails to show a cause of action the motion for a directed verdict may be granted. The plaintiff in such a case has no just cause of complaint. The time of the court should not be wasted in hearing a lost cause and the public should not be put to unnecessary expense arising from the trial of a case already shown to be lacking in merit. The opening is to be examined with care and the power to dispose of the case on the opening must be exercised cautiously. It should not be exercised until it is apparent that the plaintiff cannot supply the evidence necessary to establish his case. Cases should be decided upon sworn evidence rather than upon an anticipatory statement of counsel which might bear little resemblance to the available evidence. In instances involving close questions, the safer course is to hear the evidence. The general principles governing the appropriate application of this procedure have been stated in our decisions with sufficient amplitude and clarity to make unnecessary further discussion.
Id. at 399-400. The authority discussed is inherent after an opening statement. In this case, the trial judge converted a hearing on the defendanf s motion in limine into an opening statement and then directed a verdict for the defendant. The defendant has cited no authority for such procedural conversion.[4]
While we reverse on other grounds, we comment briefly on that procedural conversion which occurred in the context of the allowance of what the trial judge considered to be a dispositive evidentiary motion immediately prior to the commencement of trial. As stated in Douglas v. Whittaker, supra at 400, the rationale for permitting a judge to grant a directed verdict after an opening which discloses the absence of any cause of action is to insure that “[t]he time of the court... [is] not wasted in hearing a lost cause and the public ... [is] not put to unnecessary *24 expense arising from the trial of a case already shown to be lacking in merit.” In the perhaps unusual case when the allowance of a motion presented just before trial prevents a party from establishing an essential element of his claim, it would be purely perfunctory, if not pointless, to compel that party to make a pro forma opening statement before the judge directed a verdict.
2. We turn to the basis of this appeal. The evidence warranted a finding, under G.Lc. 231, §79G, that necessary and reasonable expenses for the medical treatment of the plaintiff amounted to $3,894.00. Of that total, $2,252.00 was the cost for the MRI. There was no offer of expert testimony, by way of a witness or medical report, that would have identified the plaintiffs symptoms as an aggravation of a prior spinal injury and tied that aggravation to the accident with the defendant. Although the MRI examination was deemed medically necessary to determine the nature, extent and cause of the plaintiff’s physical complaints and symptoms, the MRI report of that examination did not address causation.
The trial judge concluded that in the absence of evidence of a causal connection, the MRI bill had to be excluded, and that the exclusion then prevented the plaintiff from satisfying §6D’s $2,000.00 medical expenses prerequisite to any claim for pain and suffering. While recognizing that the “reasonable” and “necessary” expense language found in both G.L.c. 233, §79G[5] and G.L.c. 231, §6D[6] is equivalent, the judge determined that §6D imposes an additional burden on a plaintiff claiming damages for pain and suffering. The judge effectively ruled that the proponent of a pain and suffering claim was obligated, as a preliminary matter, to establish a causal relationship between the defendant’s negligence and a particular injury, and that only those expenses related to an injury for which a causal connection was proven could be considered in determining whether the plaintiff satisfied the §6D monetary threshold.
Upon the required notice to a defendant, G.L.c. 233, §79G permits the introduction of properly subscribed and itemized medical bills and reports to establish the “fair and reasonable charge” for medical services, the necessity of those services and the “proximate cause of the condition diagnosed.” There is nothing in the statute which requires evidence of a causal connection between the claimed injuries and the treatment or services received as a condition of the admission into evidence of these medical reports, bills and records. Nor is such evidence required by the statute before the medical records and bills become probative of the necessity of the services or the reasonableness of the charges for the same. As long as *25 the records and bills are properly “subscribed and sworn to,” the records and bills are admitted into evidence to establish the truth of the assertions contained therein. Victum v. Martin, 367 Mass. 404, 408 (1975). Of course, once admitted, this evidence is subject to rebuttal by the defendant.
The trial judge herein apparently focused on the absence of any actual §79G medical report as to the proximate cause of the plaintiffs claimed injuries, and factored the lack of such a report into his reading of G.L.c. 231, §6D. However, §6D does not expressly require preliminary evidence of causation before individual medical bills can be considered for purposes of determining whether the $2,000.00 threshold has been met, and we find no such requirement implied in the statute. Section 6D was but one piece of a major legislative reform of automobile tort law in this Commonwealth. As noted in Pinnick v. Cleary, 360 Mass. 1 (1971), the Legislature recognized that to curtail the rising cost of automobile insurance, minor or nuisance claims for pain and suffering had to be eliminated. The solution was G.L.c. 231, §6D. The Court in Pinnick reasoned that while “many sizable claims,” id. at 29, for pain and suffering would be excluded because of a plaintiffs inability to document certain expenses and some minor claims for pain and suffering would still be presented because of exceptions in the statute, such inequality was a result of the Legislature’s choice of a purely objective determination, by reference to “easily applicable rules,” id., governing when a litigant could seek to recover for pain and suffering. Given the detailed and comprehensive no-fault Legislative scheme of which §6D is a part, we conclude that the absence of any additional conditions upon the right to claim damages for pain and suffering was not inadvertent. Upon established principles of construction, we may not read any additional condition into the statute. Boylston Water Dist. v. Tahanto Regional School Dist., 353 Mass. 81, 84 (1967); Mitchell v. Mitchell, 312 Mass. 154, 161 (1942).
This is not to suggest that a plaintiffs satisfaction of the §6D monetary threshold automatically entitles the plaintiff to a recovery of damages for pain and suffering. “Pain and suffering” is a concept which “defies accurate monetary appraisal,” Pinnick v. Cleary, supra at 28, and remains a question of fact for the jury.
3. Because this issue may be likely to arise at a trial of this action, we state our agreement with the trial judge that expert testimony would be required to prove an aggravation of the plaintiffs prior spinal injury. We reject the plaintiffs contention that his own articulation of post-accident physical impairment is itself sufficient to establish that such impairment was proximately caused by the defendant’s negligence. There are, of course, cases in which medical testimony is not essential to establish a causal link between the accident and injuries in question. In those situations, the cause and effect relationship between the alleged negligence and claimed injury is “within general human knowledge and experience.” Lovely’s Case, 336 Mass. 512, 516 (1957). See also Casey’s Case, 348 Mass. 572, 574-575 (1965). In this case, a lay person could appropriately draw a causal connection between the accident and the abrasions and joint swelling suffered by the plaintiff. However, with respect to any aggravation of the plaintiff’s previously existing spinal injury, from which he suffered chronic pain, any “causal connection is much more complicated,” id. at 574, and expert medical evidence delineating that connection would be required. See Lally v. Volkswagen Aktiengesellschaft, 45 Mass. App. Ct. 317, 325 (1998) and cases collected therein.
Accordingly, the trial courtis directed verdict and judgment for the defendant is vacated, and this case is returned to the Cambridge Division for trial.
So ordered.

 We reject at the outset the defendant’s argument that the plaintiff’s appeal does not encompass the issue of the judge’s exclusion of the medical records, but is restricted to the single issue set forth in the plaintiff’s notice of appeal; namely, “whether the [judge] erred in directing a verdict” for the defendant. The exclusion of the medical records was the very basis of the court’s entry of a directed verdict and cannot be ignored in any review of that verdict. Both parties have in fact briefed the issue of the allowance of the motion in limine.

 The plaintiff had made a claim for jury trial in his complaint. It is not clear from the record whether, on the day of trial, the plaintiff still sought a jury trial.

 The motion in limine is not included in the record. However, there is no dispute as to the grounds of the motion, the issues considered during the hearing, or the basis of the trial judge’s decision.

 We are aware that in Greene v. American Radio Systems Corp., 2001 Mass. App. Div. 59, after a pre-trial conference and by agreement of the parties, the jury was waived for the purpose of hearing the plaintiff’s opening statement and the defendants’ motion for a required finding. The procedural context in which that motion was allowed was not appealed, and we do not read Greene as endorsing that procedure.

 Section 79G provides, in pertinent part: “In any proceeding commenced in any court... an itemized bill and reports, including hospital medical records, relating to medical... services ... rendered to ... a person injured, or any report of any examination of said injured person, including, but not limited to hospital medical records subscribed and sworn to under the penalties of perjury by the physician... or authorized agent of a hospital... rendering such services ... shall be admissible as evidence of the fair and reasonable charge for such services or the necessity of such services or treatments,... [and] the opinion of such physician ... as to proximate cause of the condition so diagnosed. ... Nothing contained in this section shall be construed to limit the right of any party to the action to summon, at his own expense, such physician ... or agent of such hospital ... for the purpose of cross examination with respect to such bill, record and report or to rebut the contents thereof....”

 Section 6D states, in relevant part: “In any action of tort brought as a result of bodily injury... arising out of the... operation... of a motor vehicle within this commonwealth by the defendant, a plaintiff may recover damages for pain and suffering, ... only if the reasonable and necessary expenses incurred in treating such injury... for necessary medical... services... are determined to be in excess of two thousand dollars....”