Koenigs, J.
Anne Renaud and Nancy Hernandez sued each other after their vehicles collided at an intersection; both claimed to have had the green light. After trial on their consolidated claims, Ms. Renaud lost in both cases. She complains on appeal that the trial judge abused his discretion by refusing to admit the depositions of two witnesses who failed to appear at trial.
*151 1. The basis for the trial judge’s decision to exclude the depositions. Three percipient witnesses, who had been deposed prior to trial, were summonsed for trial. One, an attorney, appeared and testified consistently with Ms. Hernandez’s having had the green light. The other two, summonsed by Ms. Renaud, did not appear. Ms. Renaud’s counsel proffered the depositions of these witnesses, asserting that they were unavailable.
Mass. R. Civ. P., Rule 32(a) (3) (D) governs the use of depositions at trial:
The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:... that the party offering the deposition has been unable to procure the attendance of the witness by subpoena [emphasis added].
Before the trial started, Ms. Renaud’s counsel told the court that two witnesses whom he had summonsed had not arrived. The judge took a recess until 9:15 so that the witnesses could be located. When they could not be located, Ms. Renaud’s counsel announced he would offer their depositions. Ms. Hernandez’s counsel objected. Both sides argued that the judge would have to find the witnesses “unavailable”[1] in order to admit the testimony. The judge deferred ruling until later in the case, leaving open the possibility that the witnesses would appear and the issue would become moot.
Later during the morning session, after another recess to find the witnesses, Ms. Renaud’s counsel offered the depositions of the two missing witnesses. The basis for his proffer was that the witnesses had been subpoenaed and were now inexplicably absent, even though they had recently been to his law office, and he had reminded them of the trial date. The judge excluded the depositions.
Ms. Renaud’s counsel then asked for bench warrants to secure the presence of his witnesses. He also requested a continuance. The judge ordered bench warrants for the witnesses, who were to be produced at 2:00 p.m., but otherwise denied the continuance.[2] The judge directed Ms. Renaud’s counsel to provide the names and addresses of the witnesses so that the warrants could be immediately prepared while other evidence was being taken. Ms. Renaud’s counsel declined to provide the identifying information and withdrew his request for the warrants. He stated that he would rather try to find the witnesses himself. Although the witnesses had been served at a local address where they both lived, and had come to his office shortly before the trial, Ms. Renaud’s counsel stated the witnesses had often changed addresses, had been difficult to find for the depositions, and were “essentially homeless,” but did not elaborate on his knowledge of their whereabouts.[3]
Accordingly, the judge took no further action regarding the warrants, which did not issue; but he observed that Ms. Renaud was losing precious time. The wit *152 nesses never appeared. At the end of the trial that day, Ms. Renaud’s counsel raised the issue again. After further hearing, the judge found that the witnesses’ absence was “unjustifiable,” in essence that the proponent was not unable to procure the witnesses’ presence, and refused to allow the depositions into evidence.
2. Discussion. Rule 32(a) (3) (D), supra, governs the requirements of admissibility for this sort of hearsay evidence. There is a dearth of case law in Massachusetts interpreting this provision. See Caron v. General Motors Corporation, 37 Mass. App. Ct. 744 (1994), further appellate review denied, 419 Mass. 1107 (1995), for a discussion of the rule pertaining to expert witnesses, and Federal cases interpreting the cognate Federal Rule. Elsewhere in Rule 32, there is a reminder of the general requirement to have “due regard to the importance of presenting the testimony of witnesses orally in open court.” See Mass. R Civ. R, Rule 32(a)(3)(E) (grounds for admission not raised here).
The burden was on Ms. Renaud to demonstrate that she had been unable to procure the attendance of the witnesses by subpoena, and the admissibility of the depositions hinged on that finding. By withdrawing her request for warrants, which the court had already ordered, Ms. Renaud waived the most effective means to secure a person’s attendance at court.
The judge was not given an offer of proof from which to weigh the importance of the witnesses’ deposition testimony. The trial record is silent regarding the exact nature of the testimony, and whether their deposition testimony closely corroborated Ms. Renaud’s own testimony, or was at odds with any of it.
On this record, the judge’s preliminary finding that Ms. Renaud was not “unable to procure the attendance” of the witnesses at trial was not clearly erroneous.[4] His decision to exclude the depositions was not an abuse of discretion.
Judgment affirmed.

 Although Ms. Renaud’s counsel asserts in her brief that the trial judge used the wrong standard, i.e., the unavailability of the witnesses, counsel had repeatedly argued for the admission of the depositions on that basis. Although Mass. R. Civ. P., Rule 32(a) (3) (D) does not contain the term “unavailable,” as does the cognate rule for criminal cases, see Mass. R. Crim. R, Rule 35(g) (l)-(6), the record is clear that Rule 32(a)(3)(D) was the basis for counsels’ arguments and for the judge’s decision.

 The judge noted that the case had “languished”; it had been filed over three years earlier. Apparently there had been considerable difficulty securing these same elusive witnesses for depositions.

 Counsel speculated that a police search might have a chilling effect on the witnesses’ willingness to cooperate, and preferred to search for them himself.

 “A finding is ‘clearly erroneous’ when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.” Freyermuth v. Lutfy, 376 Mass. 612, 615 (1978) (citations omitted).