Coven, J.
The plaintiff incurred medical expenses for chiropractic treatment following a motor vehicle accident with the defendant. A jury found that the defendant’s negligence was the sole proximate cause of the plaintiff’s injuries, and awarded damages to the plaintiff in the exact amount of his medical bills; namely, $2,400.00. The plaintiff filed a motion for an additur or a new trial on the grounds that the jury’s limitation of its award to the dollar amount of his special damages indicated that the jury did not allow any compensation for his pain and suffering, and that the failure to award such compensation proved that the jury’s verdict was against the weight of the evidence and a product of bias, misapprehension or prejudice. The plaintiff’s motion was denied, and this Dist./Mun. Cts. R. A. D. A., Rule 8C appeal followed.
The record indicates that prior to trial, the judge properly inquired if any of the prospective jurors were prejudiced or biased against either parly, or were unable to decide the case impartially. None were. The plaintiff was the only witness at trial. He testified that on the morning of July 24,2002, he was driving his taxi along Berkeley Street in Boston, heading toward Storrow Drive. The defendant’s vehicle exited a side street without stopping and struck the plaintiff’s taxi. Later that evening, the plaintiff began to experience pain in his back and neck. He sought chiropractic treatment two days after the accident. While the plaintiff conceded that he had been in another accident six months earlier in January, 2002, he claimed to have recovered completely from that mishap prior to his collision with the defendant.
Medical records introduced at the conclusion of the plaintiff’s brief testimony indicated that he was treated for lower and mid-back pain and spasms, and that it was the opinion of the attending chiropractor that the “impact of the collision manifested in the thoracic and lumbar spine resulting in nerve irritation, recurring spine and soft tissue pain.” The records also showed that the plaintiff received treatment on thirty dates between July 26, 2002 and November 1, 2002, but had not sought any chiropractic care between August 31, 2002 and September 26, 2002, during which time he apparently traveled to Haiti.[1]
Plaintiff counsel’s closing argument on the issue of pain and suffering was brief. Counsel stated that the accident “affected [plaintiff’s] life for three months and a *119 week,” that the jury would be required to use common sense and experience in determining what damages would be reasonable, and that there was “no mathematical formula” for making that determination. The jury’s attention was not directed to the chiropractor’s opinion that the plaintiff suffered nerve irritation and recurring pain.
On the issue of pain and suffering, the trial judge instructed the jury to “consider the area of the body in which ... the plaintiff was physically injured,” and to “take into account any pain and suffering that [it] f[ound] was endured by the plaintiff as a result of the negligence of the defendant.” The judge further instructed that the plaintiff was “entitled to a full compensation for any reduction in any enjoyment of life which [it] conclude[d] resulted from negligence of the defendant,” and that the jurors were to use their background and experience in determining what would fairly compensate the plaintiff for such pain and suffering as had been “proved by the evidence.” The plaintiff did not object to the jury instructions.
A special verdict slip setting forth the following four questions was presented to the jury: whether the defendant was negligent, the dollar value of the plaintiff’s damages, whether the plaintiff was contributorily negligent, and what percentage of fault was attributable to the plaintiff, if fault on his part was found.[2] The plaintiff did not object to the verdict slip.
1. The jury’s award in the precise dollar amount of the plaintiff’s medical bills permits a reasonable inference that the verdict did not include pain and suffering damages. However, it is also plausible on the basis of the record before us that the jury did not award the plaintiff the full amount of his medical expenses, and that the remaining portion of the damages was for pain and suffering. The defendant contested the reasonableness and necessity of the plaintiff’s medical bills at trial. At the very least, the jury could have concluded that if the plaintiff was able to interrupt his chiropractic treatment for a month to travel to Haiti, there was no need upon his return for either a resumption of chiropractic services or the resulting medical expenses he incurred.
In the absence of a special verdict question, the actual basis of the jury’s award of damages remains uncertain. The plaintiff has no direct evidence to support his assertion that the jury’s verdict was based on bias, misapprehension, prejudice or a failure to follow instructions. It is settled that “‘[j]uror testimony concerning the mental processes of jurors during deliberations, such as testimony that the jurors did not follow the judge’s instructions, or that they misunderstood the legal consequences of their verdict, or that they were influenced by matters not in evidence, is not permitted to impeach a verdict.’” Latino v. Crane Rental Co., 417 Mass. 426, 430 (1994), citing Cassamasse v. J.G. Lamotte & Son, Inc., 391 Mass. 315, 317-318 (1984). If such direct evidence of a jury’s thought processes is not allowed to impeach a verdict, the plaintiff’s mere speculation that the jury acted improperly in this case did not require the allowance of the plaintiff’s motion for a new trial.
2. The plaintiff’s motion for an additur or a new trial was addressed to the trial judge’s broad discretion. Proctor v. North Shore Community Arts Foundation, 47 Mass. App. Ct. 372, 377-378 (2003) (additur); W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass. App. Ct. 744, 748 (1993) (new trial). ‘The judge’s action will be reversed only where the damages awarded were ‘greatly disproportionate to the injury proved’ ... or where ‘it appears to the judicial conscience ... that otherwise a miscarriage of justice will result’[citation omitted].” Loschi v. Massachusetts Port Auth., 361 Mass. 714, 715 (1972). As the *120 Supreme Judicial Court has noted, “[an] [a]buse of discretion in granting or refusing a new trial can so seldom be found that actual instances in which this court has set aside the action of the trial judge ... are almost nonexistent, and it has repeatedly been stated that occasions when this court can do so are exceedingly rare.” Id.
We find no abuse of discretion in the denial of the plaintiffs motion herein. The fact that the plaintiff had medical bills in excess of $2,000.00 merely permitted him to sue for pain and suffering damages, G.L.c. 231, §6D; the bills did not automatically entitle him to an award of such damages. Cobb v. Gosnell, 2003 Mass. App. Div. 21, 25.[3] As with any element of damages, the plaintiff was required to prove pain and suffering, and there was a dearth of evidence from which the jury could have evaluated any pain experienced by the plaintiff. The plaintiff did not testify as to what impact his injuries had on his daily activities or quality of life. Nor did counsel provide any insight or emphasis, by reference to testimony or medical records, in his argument to the jury. The plaintiff contends that the verdict was necessarily against the weight of the evidence solely because the medical records, with the chiropractor’s opinion as to the plaintiff’s pain, were in evidence. However, in ruling on the plaintiff’s new trial motion, the judge was obligated to “consider the probative force of the evidence and not merely the presence or absence of any evidence[.]” Bolton v. Massachusetts Bay Transp. Auth., 32 Mass. App. Ct. 654, 658 (1992). Given the plaintiff’s failure to make a cogent and persuasive presentation of his claim to the jury, the trial judge was not required to accept the plaintiff’s argument that a new trial was required to prevent a miscarriage of justice.
The denial of the plaintiff’s motion for an additur or new trial is affirmed. Appeal dismissed.
So ordered.

 The plaintiff’s deposition was utilized at trial to indicate that he had returned to Haiti during the period in question. The medical records also include the following notation by the chiropractor explaining the lapse in the plaintiff’s treatment: “Patient reiterated that he will be leaving and will be returning on September 26th.”

 The verdict slip is not part of the record. The nature of the questions can be gleaned from the judge’s instructions to the jury.

 We express no comment on the plaintiff’s identification of a contrary rule in the case law of at least two other states, or on his recommendation that Massachusetts adopt it.