Williams, PJ.
The plaintiff, Brenda Rizzo (“Rizzo”), claims error by both the judge and the jury following an adverse verdict on her motor vehicle tort action. Rizzo contends that the judge should have allowed her deposition into evidence given her absence from trial, and that the jury erred in finding that the negligence of the defendant, Mary Jane Cotter (“Cotter”), did not cause Rizzo’s injuries. We find no error and dismiss the appeal.
Alleging injury from a 2001 motor vehicle accident in Brockton, Rizzo filed suit in 2004, by which time she had moved to Florida. Trial was originally set for February, 2006, but was continued until June for lack of an available judge. Before that June trial date, though, Rizzo moved for a 60-day continuance because of a kidney condition unrelated to the motor vehicle accident. The trial court allowed the motion and rescheduled trial for October 17, 2006. But in September, Rizzo again moved to continue the trial. She first cited her reluctance to leave her Florida home unattended during hurricane season and her wish for a trial date coinciding with her son’s school-vacation schedule. Before her motion was heard, she added the ground that she had been injured in a fall that required hip surgery. The trial court denied the motion. Rizzo then filed an emergency motion to reconsider. That motion included a September 27, 2006 note from Rizzo’s doctor advising that Rizzo was unable to travel because she was awaiting surgery. The court allowed the motion and continued trial for five months to March 12,2007.
Rizzo sought no further continuances, but failed to appear on the March 12, 2007 trial date. Instead, her counsel filed a written motion, not previously served on Cotter, seeking leave pursuant to Mass. R. Civ. P., Rule 32(a)(3)(C) to read Rizzo’s deposition testimony into evidence. Rizzo’s counsel produced a letter from Rizzo’s doctor dated February 21, 2007, some three weeks before trial, stating that Rizzo would not be medically fit to travel until June 1, 2007.[1] The trial court denied *186 the motion, and the trial proceeded on the issues of causation and damages. The jury found that Cotter’s negligence had not been a substantial factor in causing Rizzo’s injuries, and judgment was entered for Cotter.
Rizzo first contends that the judge abused his discretion in disallowing the reading of her deposition at trial. The use of depositions at trial is governed by Mass. R. Civ. P., Rule 32. Of particular pertinence is the provision that “[tjhe deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds... that the witness is unable to attend or testify because of... sickness... [or] infirmity. ...”[2]
As Rizzo recognizes, the issue of whether evidence is admissible is left to the sound discretion of the trial judge, who will be reversed only upon a finding of an abuse of that discretion amounting to an error of law. Chan v. Chen, 70 Mass. App. Ct. 79, 84 (2007) and cases cited. We do not, of course, substitute our judgment for that of the trial judge, but ask whether the judge’s decision rests on “whimsy, caprice, or arbitrary or idiosyncratic notions.” Id., quoting Boulter-Hedley v. Boulter, 429 Mass. 808, 811 (1999), and citing Davis v. Boston Elevated Ry. Co., 235 Mass. 482, 502 (1920) (“abuse of discretion” is view or action “no conscientious judge, acting intelligently, could honestly have taken”). We do not find that the judge abused his discretion in excluding Rizzo’s deposition testimony.
Rizzo contends that such an abuse exists here because her motion featured medical documentation demonstrating her inability to travel from Florida to Brockton because of her kidney condition, chronic hip pain, and need for ureter surgery “in the near future.” The judge clearly considered the motion carefully, but decided he was not satisfied that the requisite showing under Rule 32 had been made. Specifically, he was not convinced that a letter from a “D.O.,” rather than a letter from one of the medical doctors named on the letterhead of the D.O.’s medical group, sufficiently established Rizzo’s unavailability at trial.[3] Other judges might have deemed the letter to be enough to allow the deposition testimony, even given the number of trial continuances requested by Rizzo. That this judge did not so rule does not render his decision arbitrary or capricious.
Rizzo relies solely on Starr v. Rubenstein, 2004 Mass. App. Div. 124, to brand the judge’s decision here arbitrary and capricious. Starr significantly differs from this case, however. In Starr, defendant’s counsel took the deposition of his own then 83 year old client, announcing his intention — two years before trial — to seek to use the deposition at trial. Although opposing counsel did not agree to that use, he “was certainly on notice that [the defendant’s] deposition may be used at trial and had a full opportunity for cross-examination.” Id. at 130. Noting that by the time of trial, the deponent was 85 years old and had undergone two major surgeries since his deposition, the Appellate Division concluded in Starr that “[t]hese are enough facts to allow admission of his deposition testimony under Rule 32.” Id. Thus, the judge’s allowance of the deposition testimony at trial was upheld.
*187 That the allowance of deposition testimony was proper in Starr does not mean that the exclusion of such testimony here was improper. We recognize, as did the Appellate Division in Starr, that “[t]he use of depositions at trial is ‘premised on a prior right to cross-examine the deponent.’” Id., quoting Frizzell v. Wes Pine Millwork, Inc., 4 Mass. App. Ct. 710, 712 (1976). But whether counsel opposing the use of the deposition at trial enjoyed the right to cross-examine the deponent represents only part of the inquiry. Plaintiffs counsel in Starr knew that defendant’s counsel would try to use the defendant’s deposition in lieu of his appearance at trial. By contrast, Rizzo’s counsel never signaled to opposing counsel before trial that he would seek to substitute her deposition testimony for her appearance at trial. When the notion was broached on the very day of trial, Cotter vigorously objected to the use of the transcript. See Kinchla v. Welsh, 8 Mass. App. Ct. 367, 372 (1979). Further, Rizzo had sought and secured three prior continuances of trial in what appeared to constitute an assiduous effort to have the trial scheduled at a time when she could appear and testify. Her last unsuccessful effort to postpone the March trial date was made three weeks before trial and based on a letter indicating her condition at that time. Further, by the time of trial, the subject accident was more than five years in the past, and the case itself was nearly two-and-a-half years old. We do not find the trial judge’s exclusion of the plaintiff’s deposition testimony under the circumstances to constitute an abuse of discretion.
Rizzo’s second claim is that the jury erred in finding that Cottef s negligence was not a substantial factor in causing Rizzo’s claimed injuries. Rizzo argues that Cotter had stipulated that she “was liable for [Rizzo’s] damages.” That characterization, however, is inaccurate. Cotter stipulated to liability for the accident, but expressly contested at trial that the collision resulted in any injury to Rizzo.[4] Indeed, that issue was the trial.
Rizzo also contends, in essence, that once her undisputed medical documentation was in evidence, damages in some amount were required because liability had been conceded. But it is axiomatic that the issue of whether a negligent breach of duty and a plaintiff’s injuries were causally related is one for the factfinder, here, the jury. Jupin v. Kask, 447 Mass. 141, 146 (2006) (‘To prevail on a negligence claim, a plaintiff must prove that the defendant owed the plaintiff a duty of reasonable care, that the defendant breached this duty, that damage resulted, and that there was a causal relation between the breach of the duty and the damage. We generally consider the latter three questions!,]... [including] whether the defendant’s breach and the damage were causally related!,] to be the special province of the jury” [citation omitted].); Lieberman v. Powers, 70 Mass. App. Ct. 238, 244-245 (2007).
Clearly, the fact that Rizzo’s medical bills exceeded $2,000.00 merely permitted her to seek damages for those expenses and for pain and suffering. G.L.c. 231, §6D. They did not automatically entitle her to an award for either kind of damage.[5] *188 Roseme v. Tolbert, 2005 Mass. App. Div. 118, 120; Cobb v. Gosnell, 2003 Mass. App. Div. 21, 25. The jury was entitled to conclude that none of the injuries Rizzo claimed resulted from Cotter’s negligence.
Indeed, there seemed to be slight inducement for the jury to conclude otherwise. Nowhere in Rizzo’s medical records does there appear any opinion relating any medical condition to the December, 2001 accident. To be sure, juries may in certain circumstances infer causation from medical evidence even absent expert medical opinion. See Shinnick v. Rodibaugh, 2007 Mass. App. Div. 106, 108, citing Bailey v. Cataldo Ambulance Serv., Inc., 64 Mass. App. Ct. 228, 235 (2005). “Causation is, fairly, a matter of degree, and clearly there are cases involving medical issues where no expert opinion whatsoever would be necessary to establish legal causation.” DiCarlo v. DeMoulas Supermarkets, Inc., 2006 Mass. App. Div. 79, 81, quoting Bailey, supra at 236 n.6. But given Rizzo’s complex medical history, this was not such a case. Although Rizzo was not claiming exacerbation of any preexisting condition, her complicated medical profile would similarly seem to require expert testimony to be sorted out by a jury. See Bailey, supra at 233, citing Lally v. Volkswagen Aktiengesellschaft, 45 Mass. App. Ct. 317, 324-325 (1998). See also Cobb, supra at 25. For instance, even records from Rizzo’s first medical treatment, three days after the accident, that refer to breast, rib, hip, and back discomfort also refer to Rizzo’s “chronic pain syndrome,” and the X-ray reports, essentially negative, note “[sjevere degenerative changes” in her left hip — both signifying underlying conditions. Later medical records relate to numerous medical problems, many of which plainly have no conceivable causal connection to the subject motor vehicle accident.
This case falls far short of one requiring a new trial on the ground that “the verdict is so markedly against the weight of the evidence as to suggest that the jurors allowed themselves to be misled, were swept away by bias or prejudice, or for a combination of reasons ... failed to come to a reasonable conclusion.” Lally, supra at 326 n.14, quoting W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass. App. Ct. 744, 748 (1993).
Finding no error, we dismiss the appeal.
So ordered.

 Accompanying the letter was a fax cover sheet to Rizzo’s counsel dated March 6, 2007, six days before trial. The letter was from one “Joel Weinberger, D.O.” of Kissimmee, Florida. It stated that Rizzo would be unfit to travel until June 1, 2007 because “[s]he has underlying hydronephrosis and chronic left hip pain, as well as requiring surgical correction for an obstructed ureter in the near future. At the current time, she has to take multiple pain medications daily along with muscle relaxers and anxiolytics. This combined with her decreased stamina make the rigors of travel too difficult for her at the current time.” Dr. Weinberger opined that Rizzo would be medically able to travel by June 1st “unless her medical condition changes.” When, if it were in fact scheduled, the ureter surgery would occur, and why June 1st represented the threshold date that Rizzo would be medically fit to travel, was left unexplained.

 Rule 32(a)(3)(E) provides another avenue for using depositions at trial “upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.” Rizzo did not invoke this part of the rule probably because she had neither made application to the court (at least before the day of trial), nor provided notice to Cotter of her intention to use the deposition. See Renaud v. Hernandez, 2004 Mass. App. Div. 150, 152.

 A “D.O.” is a doctor of osteopathy. The trial judge was unsure what the initials meant, and counsel provided little enlightenment. The “practice of medicine,” as ordinarily understood, covers a wide field, including “bone setting,... chiropractic, and by express statutory provision, osteopathy. G.L. (Ter. Ed.) c. 112, §10” (citations omitted) Sachs v. Board of Registration in Med., 300 Mass. 426, 427-428 (1938). See also G.L.c. 46, §1E(J) (“Physician” includes person authorized or licensed to practice osteopathy).

 Besides Cotter’s counsel’s comments to the court and to the jury, the record shows that the judge instructed the jury that the parties had stipulated to Cotter’s duty of care to Rizzo and to her breach of that duty, but it was Rizzo’s burden to prove “that she suffered injury or harm as a result of that negligence.” Rizzo did not object to the instructions.

 The sole authority Rizzo offers on this point is Thibault v. Mack, 19 Mass. App. Ct. 916 (1984) (rescript opinion), which has not been cited by any appellate court in 23 years. To the extent Thibault might suggest a contrary proposition — that a jury must accept the reasonableness of uncontroverted medical expenses — it seems anomalous to this Division. More to the point, Thibault is irrelevant because it concerns the reasonableness of expenses. The jury here did not reach the issue of the reasonableness of Rizzo’s medical expenses, see Phelps v. MacIntyre, 397 Mass. 459, 464 (1986) and cases cited; Cela v. LeFleur, 2005 Mass. App. Div. 156, 160, because it had found that Cotter’s negligence had not resulted in harm to Rizzo.